SALLIE C. WEST, EMPLOYEE v. J. P. STEVENS, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 6918IC440

(Filed 17 September 1969)

1. **Master and Servant § 96—** **findings by Industrial Commission —** **appellate review**

   Findings of fact by the Industrial Commission are binding upon the courts when supported by competent evidence.

2. **Master and Servant § 96—** **consideration of evidence — role of Industrial Commission**

   The Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.

3. **Master and Servant § 77—** **change of condition — sufficiency of evidence**

   Findings of fact by the Industrial Commission that, due to change of condition, plaintiff now has a 12.5 percent permanent partial disability of her left leg *are held* supported by competent evidence.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission filed 27 March 1969.

This proceeding arises from an accident in September 1965 for which an award of compensation was entered on 15 March 1967. Thereafter plaintiff made application for review, alleging a change of condition, and the opinion and award appealed from was filed.

The findings of fact by the hearing commissioner after the original hearing are contained in the opinion and award filed 15 March 1967 as follows:

"1. Sometime in September, 1965 plaintiff struck the front of her right thigh on an oil cup on a loom while at work for defendant employer. Such oil cup was made of steel and was approximately two inches in diameter. After the striking of the oil cup with the front of her right leg, plaintiff fell backward and struck the back of her left leg upon a loom.

"2. Plaintiff sustained, as described above, an injury by accident arising out of and in the course of her employment with defendant employer.

"3. Following her accident plaintiff continued to work until 7 October 1965 when she fell while at home and broke her right leg. She was hospitalized by Dr. Sue and on 8 October 1965 was seen by Dr. John Allgood. The doctor found that plaintiff had thrombophlebitis of both legs and an embolus in one of her lungs. The embolism cleared up but the phlebitis of the legs continued. Dr. Allgood is of the opinion that the phlebitis probably did not come from the broken leg which had occurred on the previous day because phlebitis generally took a longer period to time to develop. However, the doctor was further of the opinion that the phlebitis probably was a result of the accident giving rise hereto, although it could have come from various causes.

"4. While in the hospital with the broken leg plaintiff reported to her superintendent concerning her striking her legs upon the loom and oil cup while at work. Plaintiff did not realize that she had phlebitis prior to her hospitalization and she had good cause for not reporting her accident prior to such time. Defendants were not prejudiced by plaintiff's failure to immediately report her accident.

"5. Plaintiff's broken leg healed but she remained temporarily totally disabled solely because of her phlebitis commencing on 7 January 1966. She was rehospitalized for phlebitis under the care of Dr. Allgood at such time. Plaintiff remained temporarily totally disabled as a result of the phlebitis and the accident giving rise hereto until 14 September 1966 but did not return to work until December, 1966.

"6. As a result of the injury by accident giving rise hereto plaintiff was temporarily totally disabled from 7 January to 14 September 1966.

"7. Plaintiff has fully recovered from the injury by accident giving rise hereto and resulting phlebitis and has no permanent disability as a result of her accident."

Upon the foregoing findings the hearing commissioner awarded the sum of $37.04 weekly for the period 7 January 1966 to 14 September 1966. No appeal was taken from this award.

Plaintiff's application for review for change of condition was heard on 10 and 13 June 1968, and the opinion and award of the hearing commissioner was filed 9 December 1968, containing the following findings of fact:

"1. Plaintiff returned to work with defendant employer on December 5, 1966, and worked until July 19, 1967, when she was fired for failing to obey instructions.

"2. Plaintiff claims of having been a cripple ever since she was hit in September, 1965, and that she has more pain now, and has never been well; can't get around and can't perform the job she once held. Plaintiff is still under the care and treatment of Dr. Lusk for varicose veins and phlebitis in the legs.

"3. Following her discharge by the defendant employer the plaintiff worked at various other employments at intervals, and she has also drawn unemployment benefits. Plaintiff is presently employed selling dresses.

"4. Plaintiff was seen by Dr. Lusk of Greensboro, on April 27, 1966. On examination of the legs it was found that the left calf was somewhat larger than the right. The treatment was conservative as the doctor suggested that the plaintiff use an elastic hose for her left leg, and to refrain from long periods of standing or heavy duties. Plaintiff is still under the care of Dr. Lusk and her condition, now, is about the same as when he first saw her. It was the doctor's opinion that the plaintiff has a 25 to 30 percent permanent partial disability of the left leg now, but it could improve to a disability of 10 to 15 percent. It was the doctor's opinion that either the injury of September, 1965, or the injury in October, 1965, when she fell at her home, could have caused the phlebitis — about 50-50.

"5. At the time of the prior hearing in this matter, the plaintiff had no permanent partial disability but since that time had a change in condition for the worse, and now has a 12.5 percent permanent partial disability of her left leg.

"6. Plaintiff has no temporary total disability beyond that period for which she has already been paid.

"7. Plaintiff is entitled to compensation for 12.5 percent permanent partial disability of the left leg."

Upon appeal to the Full Commission, it adopted the findings and conclusions of the hearing commissioner, and affirmed an award of compensation for a 12.5 percent permanent partial disability of her left leg.

Plaintiff appealed to this Court assigning as error the finding and conclusion of only a 12.5 percent permanent partial disability, and the award of compensation based thereon.

*Norman B. Smith for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Richmond G. Bern-hardt, Jr., for defendants.*

BROCK, J.

[3] Plaintiff assigns as error Findings of Fact No. 5 and No. 7, and the conclusion based thereon that plaintiff is entitled to an award on the basis of a 12.5 percent permanent partial disability. Plaintiff argues that the only testimony before the Commission was that of Dr. John A. Lusk, and that his testimony supports only a finding of a 25 or 30 percent disability. Dr. Lusk testified that in his opinion "[h]er disability is about 25 to 30 percent of the left leg."

Dr. Lusk also testified as follows:

"The thrombo-phlebitis found in both legs and the embolus in one of her lungs could have been caused by the fall at home when she broke her right leg on October 7, 1965. I would divide my opinion about 50-50, as to which is more probable, whether it was caused by the fall on October 7, or the incident at work in September, 1965. I anticipate that Mrs. West will make slow, gradual improvement in her left leg. I do not anticipate the rating of 25 to 30 percent disability of that leg will get any worse. I think it may get better; I certainly hope so. I'm continuing to treat her. I believe she can improve some, but actually never get the full use back of her leg she had prior to the injury, but I hope we can get better use out of it.

"Moving from 25 percent to 10 or 15 percent would be what I would feel is considerable improvement. That would be optimistic."

[1, 2] It is well established that the findings of fact by the Industrial Commission are conclusive and binding upon the courts when supported by competent evidence. *Taylor v. Jackson Training School*, 5 N.C. App. 188, 167 S.E. 2d 787. Also, the Commis-

sion is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. Jackson Training School, supra.*

In its consideration of claims the Industrial Commission is not compelled to find in accordance with testimony of any particular witness; its function is to weigh and evaluate the entire evidence and determine as best it can where the truth lies.

[3] We see no error in the finding and conclusion complained of. Affirmed.

BRITT and VAUGHN, JJ., concur.