"It is the duty of the Commission to consider all of the competent evidence, make definite findings, draw its conclusions of law from these findings, and enter the appropriate award. In making its findings, the Commission's function is to weigh and evaluate the entire evidence and determine as best it can where the truth lies." West v. J. P. Stevens, 6 N.C. App. 152, 156,169 S.E.2d 517, 519 (1969).
The law as stated above clearly shows that we, the Full Commission, have a duty to find out where the "truth" lies.
In the case before us, the evidence shows this pro se
plaintiff really believed it was the restacking of 45 cases of antifreeze by himself which weighed 65 pounds per case that caused his injury.
The evidence shows plaintiff had to restack 45 cases of antifreeze which weighed 65 pounds per case. This task involved constant bending, stooping and lifting to complete his job assignment. After plaintiff completed this assignment he immediately proceeded to lift a very light car bumper and this is when plaintiff experienced a specific traumatic injury.
However, the plaintiff did not attribute his pain to the lifting of the bumper, but attributed pain to the lifting of the antifreeze.
It is clear that plaintiff was, in fact, injured on the job during the course and scope of his employment by lifting 45 cases of antifreeze unassisted.
However, just because plaintiff did not feel pain right away and experience the "specific traumatic injury" while lifting the antifreeze, the majority herein has ruled that he is barred from receiving workers' compensation.
The majority erred as a matter of law in requiring plaintiff to show that his onset of pain occurred simultaneous to the lifting incident that injured plaintiff's back.
In holding plaintiff to such a standard, the majority herein has ignored the law stated in Fish v. Steelcase, Inc., 116 N.C. App. 703
(1994). The Court stated, "While the case law interpreting the specific traumatic incident provision of N.C.G.S. § 97-2 (6) requires the plaintiff to prove an injury at a cognizable time, this does not compel the plaintiff to allege the specific hour or day of the injury. As we stated in Richards, the General Assembly did not intend to limit the definition of specific traumatic incident to an instantaneous occurrence. Richards,92 N.C. App. at 225, 374 S.E.2d at 118-19. Events which occur contemporaneously, during a cognizable time period, and which cause a back injury, fit the definition intended by the legislature. Id. at 225, 374 S.E.2d at 119. To hold otherwise would defeat the purpose of the amendment."
The law clearly states that it is up to the Full Commission to determine where the truth lies. In this case, I believe the truth lies with the plaintiff's position and workers' compensation benefits should be allowed on the basis that a specific traumatic injury did occur. The majority, however, does not share this view; therefore, I must respectfully DISSENT.
 S/ ________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 9/6/95