DEBORAH M. BRADLEY, EMPLOYEE-PLAINTIFF v. E. B. SPORTSWEAR, INC., EMPLOYER, PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, CARRIER-DEFENDANTS

No. 8510IC121

(Filed 15 October 1985)

1. **Master and Servant § 65.2— workers' compensation—back injury—result of specific traumatic incident—compensable**

    The Industrial Commission did not err by awarding compensation to a plaintiff who injured her back when she squatted down to pick up a box on the floor but had not touched the box when she felt the back pain. By amending G.S. 97-2(6) to say that an accident includes an injury that is "the result of a specific traumatic incident" the General Assembly intended to relax the requirement that there be some unusual circumstance that accompanied the injury; the use of the words "specific" and "incident" means that the trauma or injury must not have developed gradually but must have occurred at a cognizable time.

2. **Master and Servant § 65.2— workers' compensation—back injury—arose out of employment**

    Plaintiff's back injury arose out of her employment where her job required her to carry bundles of cut cloth to sewers and finished products to inspectors and she felt pain in her lower back when she squatted down to pick up a box on the floor. However much plaintiff may have been exposed to potential injury from bending and squatting apart from her employment, her injury occurred while she was working at her assigned duties.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and award entered 15 November 1984. Heard in the Court of Appeals 18 September 1985.

Bradley v. E. B. Sportswear, Inc.

The defendants appeal from an award to the plaintiff. The parties stipulated that the plaintiff was employed by E. B. Sportswear, Inc. and was subject to the Workers' Compensation Act. Her job required her to carry bundles of cut cloth to sewers and the finished products to inspectors. On 6 January 1984 she bent her knees and "squatted down" to pick up a medium-sized bundle in a box on the floor. As she did so, she felt pain in her right lower back. The plaintiff had not touched the box when she felt the back pain. She was doing her usual type work at the time. The plaintiff was hospitalized for one week and was released to return to work on 12 March 1984.

Deputy Commissioner Ed Turlington entered an opinion and award in which he found facts in accordance with the stipulations of the parties and awarded compensation to the plaintiff. The full Commission affirmed this opinion and award and the defendants appealed.

*No counsel for plaintiff appellee.*

*Hollowell, Stott, Palmer & Windham, by Douglas P. Arthurs and Grady B. Stott, for defendant appellants.*

WEBB, Judge.

[1]    This case brings to the Court the construction of the second sentence of G.S. 97-2(6) which provides in part:

"Injury and personal injury" shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident. With respect to back injuries, however, where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident. . . .

The second sentence of G.S. 97-2(6) became effective on 20 July 1983. Prior to that time in order for a back injury to be compensable as an accident under the Workers' Compensation Act there had to be some unusual circumstance which caused the injury. *See Davis v. Raleigh Rental Center,* 58 N.C. App. 113, 292 S.E. 2d

763 (1982). By amending the act to say that an accident includes an injury that is the "result of a specific traumatic incident" we believe the General Assembly intended to relax the requirement that there be some unusual circumstance that accompanied the injury. We believe that the use of the words "specific" and "incident" means that the trauma or injury must not have developed gradually but must have occurred at a cognizable time. This is what the evidence shows happened to the plaintiff in this case.

The defendants argue that to hold as we do means that an injury and a specific traumatic incident are the same, which is not the law. We believe the statute requires us to hold there was evidence to support a finding of a specific traumatic incident in this case. If that is the same as an injury we cannot overrule a statute to hold otherwise.

[2] The defendants also argue that the plaintiff's injury did not arise out of her employment and for this reason it is not compensable. They rely on *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977); *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963); *Lewter v. Abercrombie Enterprises, Inc.*, 240 N.C. 399, 82 S.E. 2d 410 (1954); *Bryan v. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751 (1943) for the proposition that "Some risk inherent to the employment must be a contributing proximate cause of the injury and the risk must be enhanced by the employment and one to which the worker would not have been equally exposed apart from the employment." They argue that she is exposed to potential injury from bending and squatting separate and apart from her employment. We believe that the answer to this argument is that however she may be exposed apart from her employment her injury occurred while she was working at her assigned duties. We hold the injury arose out of and was in the course of her employment.

Affirmed.

Judges BECTON and MARTIN concur.