Roach v. Lupoli Construction Co.

WYMAN FRANKLIN ROACH, Employee/Plaintiff v. LUPOLI CONSTRUC-
TION COMPANY, Employer, and AETNA CASUALTY & SURETY CO.,
Carrier/Defendant

No. 8710IC234

(Filed 22 December 1987)

**Master and Servant § 65.2— workers' compensation—back injury—later onset of
pain—injury result of specific traumatic incident**

The Industrial Commission erred in denying plaintiff workers' compensa-
tion benefits for a back injury where the Commission based its conclusion upon
the theory that, unless plaintiff's back pain was contemporaneous with carry-
ing and lifting 2x10 boards on his construction job, he could not recover, since
N.C.G.S. § 97-2(6) requires that the injury must be the direct result of a
specific traumatic incident of the work assigned, but the onset of pain is, as a
general rule, the result of a "specific traumatic incident," rather than the inci-
dent itself which determines whether compensation will be allowed pursuant
to the Act.

APPEAL by plaintiff from Opinion and Award of the North
Carolina Industrial Commission entered 8 December 1986. Heard
in the Court of Appeals 26 August 1987.

*Arnold & Magie by Roderic G. Magie for plaintiff appellant.*

*Russell, King & Haigh by Sandra M. King for defendant ap-
pellees.*

COZORT, Judge.

In late May and early June of 1984, Wyman Franklin Roach,
plaintiff below, was holding down two jobs. For a portion of the
day, Roach worked for Lupoli Construction Company, codefendant
below, as a general carpenter and helper. At night, he was a dish-
washer at the King's Inn in Highlands.

On 6 June 1984, at his construction job, Roach was required
to carry boards varying in size, length, and weight. Later that
night, while working at the King's Inn, Roach felt pain in his
lower back. Roach alleged that he had injured himself while at his
construction job and sought compensation from Lupoli Construc-
tion Company's workers' compensation carrier, Aetna Casualty &
Surety Company, codefendant below. Aetna denied coverage, and
the issue of liability was heard by Deputy Commissioner Eliza-
beth G. McCrodden on 7 May 1985. Roach's claim was denied by
the Deputy Commissioner, and her decision was affirmed by the

Full Commission, with a dissent from Commissioner Clay, on 10 September 1985. Roach appealed to this Court, and on 20 May 1986, in an unpublished opinion, we remanded the case to the Commission with instruction that it find whether any of Roach's work with Lupoli on 6 June 1984 constituted "a specific traumatic incident which was causally related to his alleged injury." *Roach v. Lupoli Const. Co.*, 80 N.C. App. 724, 343 S.E. 2d 290 (1986).

On remand the Full Commission deleted its previous findings concerning Roach's injury and issued a second opinion on 8 December 1986. Factual findings of that recent opinion, relevant to this appeal, are as follows: (1) that at the time of the alleged injury, the parties were subject to and bound by the North Carolina Workers' Compensation Act (the Act); (2) that Aetna Casualty and Surety Company was defendant Lupoli's compensation carrier; (3) that the "injury" to Roach occurred on 6 June 1984, and he worked for the defendant Lupoli on that day; (4) that while working for Lupoli that day, the plaintiff carried various sizes and lengths of boards as part of his normal work routine; (5) that while on the construction job that day, he experienced no pain in his back, but that his back "felt very tired"; (6) that while at his second job as a dishwasher at the King's Inn in Highlands, he felt "pain" in his back for the first time; and (7) that plaintiff Roach informed the physician he visited for treatment that he had hurt his back lifting 2x10 boards.

Based on the above factual findings, the Commission made the legal conclusion that the plaintiff Roach "did not sustain a specific traumatic incident of the work assigned" by the defendant Lupoli on 6 June 1984. For reasons stated below, this last conclusion of law is error, and the judgment of the Commission must be vacated and the cause remanded.

In its 8 December Order, the Commission correctly noted that before it could find coverage, it must be determined that Roach's injury was caused by a "specific traumatic incident" that "occurred at a recognizable time." *Bradley v. E. B. Sportswear, Inc.*, 77 N.C. App. 450, 452, 335 S.E. 2d 52, 53 (1985). The Commission then concluded that since the "plaintiff experienced no pain while performing the work assigned with [Lupoli Construction]," recovery must be denied.

It is apparent that the Commission made its conclusion upon a theory that, unless the plaintiff's back pain was contemporaneous with carrying and lifting the 2x10 boards, plaintiff cannot recover. This conclusion is clearly in error, based on a misapprehension of the law. N.C. Gen. Stat. § 97-2(6) states that a back injury is compensable when the injury in the course of employment "is the direct result of a specific traumatic incident of the work assigned." The onset of pain is not a "specific traumatic incident" that will determine whether compensation will be allowed pursuant to the act; pain is, rather, as a general rule, the *result* of a "specific traumatic incident."

The Commission, as trier of fact, must determine whether Roach injured himself not "gradually, but . . . at a cognizable time." *Bradley*, 77 N.C. App. at 452, 335 S.E. 2d at 53. Roach offered evidence that he injured his back when lifting 2x10 boards and that he had not lifted that type of board before the day he got hurt. He testified that he had to lift these heavier boards "higher up" than other boards he had worked with. He stated that his back felt "weak and tired like [he] had overexerted [him]self" at the same time he had lifted the 2x10s. Testimony that his back did not begin actually "hurting" until after the lifting was completed can be construed as evidence that his back was not injured by that lifting, but it certainly does not mandate such a finding. Based on the evidence, the Commission would be justified in determining that Roach injured himself while on the job with Lupoli on 6 June 1984. Just because Roach felt pain for the first time hours after the time he alleges he injured himself, does not mean that the "specific traumatic incident" could not have occurred when he says it did. Logic dictates that injury and pain do not have to occur simultaneously for Roach to establish that he sustained a compensable injury on 6 June, especially when the controlling statute is silent on the issue. *See Long v. Morganton Dyeing & Finishing Co.*, 321 N.C. 82, 361 S.E. 2d 575 (1987). It was error for the Commission to conclude otherwise.

On remand, the Commission must make findings based on the evidence and conclusions of law supported by the findings and consistent with legal precedent. We vacate the Commission's 8 December 1986 Order and remand the case to the Full Commission for their determination of whether Roach's lifting of 2x10

boards while on the job with Lupoli on 6 June 1984 was the "specific traumatic incident" responsible for his injury.

Vacated and remanded.

Judges BECTON and MARTIN concur.