STANLEY LIVINGSTON, Employee, Plaintiff v. JAMES C. FIELDS & CO.,
Employer, and SELF-INSURED (Carolina Administrators, Incorporated),
Carrier, Defendant

No. 8810IC1101

(Filed 4 April 1989)

**Master and Servant § 65.2— workers' compensation—back in-
jury—specific traumatic incident—failure to show proximate
cause**

> Plaintiff failed to show that his back injury was the result
> of a specific traumatic incident of his assigned work where
> plaintiff's evidence tended to show that he felt a stiffness
> in his back which gradually increased during a two-hour period
> he spent moving a pile of trash from a home construction
> site; his medical expert did not know the cause of plaintiff's
> herniated disc; and plaintiff had moved his own household
> goods, including appliances and furniture, during the three
> months before his back stiffened.

APPEAL by plaintiff from the North Carolina Industrial Com-
mission. Opinion and award filed 3 June 1988. Heard in the Court
of Appeals 13 March 1989.

On 10 April 1987, the Deputy Commissioner filed an opinion
and award in favor of plaintiff. Upon appeal by defendant, the
Full Commission vacated and reversed denying compensation.

On 16 May 1985, plaintiff was employed as a superintendent
in defendant's home-building business and was responsible as part
of his job for seeing that home sites were cleaned up. Plaintiff's
employer directed plaintiff to have removed a pile of trash six
to eight feet in diameter, three feet high. Because none of the
employees who usually did that work were available, plaintiff under-
took the task himself. After about one hour of moving debris,
plaintiff felt some stiffness in his back which gradually increased
during the two hours he spent moving the trash. Plaintiff experi-
enced increased back pain during ensuing days and was ultimately
diagnosed as having a lumbar disc disease. He underwent a lumbar
laminectomy 12 June 1985.

*Donald B. Hunt for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Richard M. Lewis
and Jack S. Holmes, for defendant-appellee.*

LIVINGSTON v. JAMES C. FIELDS & CO.

[93 N.C. App. 336 (1989)]

LEWIS, Judge.

In *Richards v. Town of Valdese*, 92 N.C. App. 222, 374 S.E. 2d 116 (1988), this Court faced a similar issue. Citing G.S. 97-2(6), the Court said a claimant may show a back injury by proving either (1) injury by accident, defined as an unlooked for and untoward event which is not expected or designed by the injured person or (2) injury arising from a specific traumatic incident. *Id.* A "specific traumatic incident" means the "injury must not have developed gradually but must have occurred at a cognizable time." *Bradley v. E. B. Sportswear, Inc.*, 77 N.C. App. 450, 452, 335 S.E. 2d 52, 53 (1985). In this context, "cognizable" means capable of being judicially known and determined. Here, over a period of two hours, plaintiff picked up various pieces of trash and threw or carried them to another place. He testified that the pieces were no heavier than things he normally lifted though he usually did not move trash.

In *Richards v. Town of Valdese, supra,* this Court stated:

We believe that through the [1983] amendment [to G.S. 97-2(6)], the General Assembly also recognized the complex nature of back injuries, and did not intend to limit the definition of specific traumatic incident to an instantaneous occurrence. Back injuries that occur gradually, over long periods of time, are not specific traumatic incidents; however, we believe that events which occur contemporaneously, during a cognizable time period, and which cause a back injury, do fit the definition intended by the legislature.

*Id.* at 225, 374 S.E. 2d at 118-19. Plaintiff contends there is evidence that his back injury occurred during a cognizable time period and therefore he is entitled to compensation. We disagree.

We recognize that a "specific traumatic incident" could occur during a "cognizable time" of two hours but in every case there must be evidence of proximate cause between the "specific traumatic incident" and the injury. In this case plaintiff's witness, Dr. Rendleman, testified that he did not know the cause of plaintiff's herniated disc. He did not have an opinion satisfactory to himself that the back condition was a result of the activity plaintiff undertook on the 16th of May. Plaintiff testified he had moved his own household goods including appliances and furniture "between March and May" of 1980.

SHUPING v. NCNB

[93 N.C. App. 338 (1989)]

The Full Commission found as fact that "[g]iven the gradual onset of the stiffness and the difficulty suffered by plaintiff, plaintiff's injury to his back, which was later diagnosed and treated as a herniated lumbar disc, was not the result of a specific traumatic incident of his assigned work" and concluded that "[o]n May 16, 1985 the plaintiff did not sustain an injury to his back which was the direct result of a specific traumatic incident of his assigned work. N.C.G.S. 97-2(6)." The findings of fact by the Industrial Commission are conclusive on appeal if there is any competent evidence to support them and even if there is evidence that would support contrary findings. *Adams v. Burlington Industries*, 61 N.C. App. 258, 300 S.E. 2d 455 (1983). Plaintiff's own evidence supports the findings of fact. The Industrial Commission has competent evidence to support its findings and conclusions.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.