When reviewing the findings made by the Deputy Commissioner, the Full Commission may review, modify, adopt or reject the finding of fact of the hearing commissioner. Watkins v.Wilmington, 290 N.C. 276, 225 S.E.2d 577 (1976).
The Deputy Commissioner found as fact that on or about July 23, 1993 plaintiff backed a forklift, while going an estimated 4-5 miles per hour, into a dock board which had malfunctioned and popped up on its own. At the time this occurred, plaintiff was thrown backward, then forward in a whiplash-type motion. The Deputy Commissioner also found as fact that plaintiff had reported to his supervisor the dock board malfunction and the fact that someone could get hurt if it was not repaired. However, the Deputy Commissioner found plaintiff did not believe at the time that he was injured. The Deputy Commissioner further found as fact that after seeing a chiropractor on September 1, 1993, plaintiff, for the first time, told his employer that he had been injured on July 23, 1993.
The Deputy Commissioner appears to have placed great weight on his finding that plaintiff did not believe at the time (July 23, 1993) that he was injured. It is totally irrelevant whether or not plaintiff believed that he was injured at the time of the accident, or whether or not he reported an injury to his supervisor on that date, although there is ample evidence to the contrary. Nor is it relevant that Mr. Allen waited until on or about September 1, 1993, after seeing a chiropractor, to tell his employer he had been injured on July 23, 1993.
In Roach v. Lupoli Construction Company, 88 N.C. App. 271,362 S.E.2d 823 (1987) the court held a worker was not precluded from recovering workers' compensation benefits by virtue of the fact that he alleged he sustained on-the-job injury, as injury and pain did not have to occur simultaneously to establish the injury was caused by "specific traumatic incident" that "occurred at a recognizable time."
Finally, the Deputy Commissioner found in Finding of Fact No. 7 that, "Dr. Miller has doubts as to whether or not the incident of July 23, 1993 was truly the offending incident that caused plaintiff's neck problems, based on the above facts."
This finding by the Deputy Commissioner is in direct conflict with Dr. Miller's deposition testimony, given on page 8, lines 13-25. The testimony was as follows:
 Q. And as a result of your findings, did you make a diagnosis?
 A. I felt that he did have a cervical and lumbar strain, that the muscles were strained in his neck and lower back. Seemed to be worse in his neck.
 Q. And were your findings and your diagnosis, were they consistent with the history that you took from Mr. Allen?
A. Yes. I felt they were.
 Q. Do you have an opinion satisfactory to yourself as to what, based on your history and your examination and your diagnosis of Mr. Allen as to what, may have caused those findings that you found in him on that day?
 A. Based on my history and physical exam, I feel that the accident in July of 1993 caused the neck and low back strain that he had.
Based on the above facts, I would give greater weight to the opinions of Dr. Miller, the chiropractor, and the plaintiff. However, the majority does not share my opinion; therefore, I must respectfully DISSENT.
 S/ ________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 9/21/95