The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as facts and conclude as matters of law the following which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is insured by the Hartford Accident 
Indemnity Company.
4. On April 5, 1991, plaintiff had an average weekly wage of $520.00.
5. Stipulated exhibits of plaintiff's recorded statement, Form 19, Notice of Workers' Compensation Accident Reporting, letters from the employer, and medical records were received into evidence.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications and modifications to Findings of Fact # 7, 10, and 12, as follows:
Based upon all of the competent and convincing evidence adduced at the hearing, the undersigned make the following
FINDINGS OF FACT
1. At the time of the hearing, plaintiff, a female with a date of birth of August 15, 1958, had a high school education and had obtained a licensed practical nursing (LPN) degree from Randolph Technical College. Plaintiff had several years of experience in private nursing duty.
2. Plaintiff was hired by the defendant-employer on August 30, 1990, as an LPN, and her job duties included private home nursing, which required her to clothe patients, and to occasionally lift patients to and from their wheelchairs.
3. In 1984, plaintiff injured her back as a result of an automobile accident. Plaintiff was treated conservatively by Dr. John Krege of Piedmont Orthopedic Associates, Inc., from 1984 through 1986. In 1988 and 1989, plaintiff was treated for a bulging disc by Dr. Johnson, a neurosurgeon in High Point. In January of 1991, plaintiff was treated for back pain by Dr. John Krege for complaints of pain radiating to her right hip, and was released by Dr. Krege on January 25, 1991.
4. Plaintiff saw Dr. Paul on April 26, 1991. Dr. Paul's office note states: "32 year old white female from Asheboro who presents with the chief complaint of lateral right hip pain times six months with a history of chronic low back pain radiating down her right thigh to her knee and occasionally to her calf." Plaintiff did not tell Dr. Paul that she had injured herself at work. Plaintiff stated to Dr. Paul that she had had a car injury in 1976 that could have been the cause of her pain. Dr. Paul's diagnosis was lumbar degenerative disc disease.
5. On May 6, 1991, plaintiff returned to see Dr. Paul, and reported that she had performed CPR while at the beach in an emergency situation. She reported that the CPR had aggravated her back, and for this reason, Dr. Paul postponed a scheduled discogram. Plaintiff documented this CPR event on her personal calendar, but plaintiff did not document the earlier date of April 5, 1991, the date she stated she injured her back while working with the defendant. Plaintiff's personal calendar contained many detailed events which were documented in the calendar, such as personal events and appointments with doctors, but there was no reference in the calendar of her injuring her back while working for the defendant.
6. On August 16, 1991, Dr. Paul performed back surgery on plaintiff as a result of her degenerative disc disease, which had caused an annular tear at L5-S1. Dr. Paul performed a bilateral laminectomy and disc excision at L5-S1, with a fixation fusion at L5-S1.
7. The first report that the defendant-employer received from plaintiff that she was contending she had sustained an injury to her back while working was on November 14, 1991.
8. Plaintiff was treated conservatively by Dr. Paul after her back surgery on August 16, 1991. Plaintiff thereafter reached maximum medical improvement with respect to her back injury on August 27, 1993. Plaintiff sustained a twenty-five (25) percent permanent partial impairment to her back.
9. Plaintiff began employment with a different employer, Mountain View Nursing Home, in November of 1992. Plaintiff is earning $13.00 an hour, and works forty (40) hours a week. Plaintiff is a director and staffing coordinator with this employer, and her employment is suitable to her disability in that she does not engage in lifting over one hundred (100) pounds, which was the restrictions assigned by Dr. Paul.
10. Plaintiff did not report a back injury to her employer until November 14, 1991. When plaintiff saw Dr. Paul on April 26, 1991, she told Dr. Paul that she had a history of right hip pain and chronic low back pain radiating down her right thigh to her knee for the past six (6) months. Plaintiff did not tell Dr. Paul that she had sustained a work injury. Therefore, plaintiff did not suffer an injury by accident on April 5, 1991.
11. Plaintiff's degenerative disc disease and annular tear of her disc, on account of which Dr. Paul performed surgery, could have been present for at least six (6) months prior to when Dr. Paul initially saw plaintiff on April 26, 1991.
12. In light of plaintiff's pre-existing history of back and hip pain associated with degenerative disc disease and the late reporting of an injury in November of 1991, plaintiff has failed to sufficiently, convincingly, or credibly prove to the undersigned that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on or about April 5, 1991, as the result of an accident or specific traumatic incident of the work assigned.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
Plaintiff failed to prove that she sustained an injury by accident arising out of and in the course of her employment with the defendant-employer either by accident or as the result of a specific traumatic incident of the work assigned which resulted in an injury to her back. N.C. Gen. Stat. § 97-2(6); Bradley v. E.B. Sportswear,77 N.C. App. 450 (1985); Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980).
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Plaintiff's claim must, under the law be, and is hereby DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the 8th day of November, 1995.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
JHB/nwm 11/08/95