This claim was resolved by the hearing Deputy's determination of the credibility of the claimant's account of the alleged injury at work in light of all the evidence — particularly testimony at the hearing and contemporaneous medical records. While the plaintiff's injury could have occurred as he described, the Full Commission defers to the Deputy Commissioner, who was in the best position to evaluate the witnesses.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications to Finding of Fact 9 and Conclusion of Law 1, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant.
3. The date of alleged injury was 25 August 1992.
4. Plaintiff's average weekly wage was $369.25.
5. Defendant was a qualified self-insurer.
* * * * * * * *
Based upon the competent evidence adduced from the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff, who is 38 years old, was employed by defendant as a garage attendant servicing buses. His duties involved cleaning the buses, emptying the change box, and checking and changing fluid levels and tires.
2. Beginning in March 1992, it became a regular part of plaintiff's job to pull a heavy 25 by 4 foot gate over the pit in the garage floor. This particular activity on occasion caused plaintiff some transient discomfort in his low back.
3. On or about 25 August 1992, while bending over to pull on a pair of shorts, plaintiff experienced a popping and severe pain in his low back which dropped him to his knees.
4. On 30 August 1992 plaintiff was seen in the emergency room at Durham Regional Hospital complaining of progressively worsening back pain since pulling on his pants and feeling a pop in his back five days earlier.
5. The emergency room doctor referred plaintiff to Dr. Kihlstrom. Plaintiff also gave Dr. Kihlstrom a history of injury occurring when he bent over to pull on his shorts. MRI revealed a large herniated disc with a large free fragment, and plaintiff underwent a lumbar laminectomy. Plaintiff treated with Dr. Kihlstrom from September 1992 to January 1993 and never gave him a history of injury occurring at work pulling the gate over the pit.
6. When plaintiff's supervisors asked him how his injury occurred, he told them that it happened at home while putting on his shorts.
7. Defendant did not receive notice of an alleged injury occurring at work until March 1993.
8. In March 1993 plaintiff retained a lawyer, who referred him to Dr. Gilmer for further treatment. Plaintiff gave Dr. Gilmer a history of injury occurring at work.
9. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant on 25 August 1992. Plaintiff's herniated disc was caused by an injury at home while bending over and pulling on his shorts, or developed gradually and became acute at that time.
* * * * * * * *
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant on 25 August 1992. Bradley v. E.B. Sportswear, Inc., 77 N.C. App. 450,452, 335 S.E.2d 52 (1985).
2. Plaintiff's claim for compensation is otherwise barred by his failure to give notice of the injury within 30 days of its alleged occurrence. N.C. Gen. Stat. § 97-22.
* * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law engender the following
AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER
JRW/jss/md 11/13/95