The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award with the exception of a modification as to attorney's fees.
* * * * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 25 April 1995 as:
STIPULATIONS
1. That all the parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction over the parties and this claim, and this claim is subject to the Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at the time of the alleged injury.
3. That the defendant-employer was self-insured and that Alexsis Risk Management was the administrator of its plan.
* * * * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner on 25 April 1995, plaintiff was thirty-two years old. She is 5'4" and weighs 124 pounds.
2. Plaintiff worked for the defendant as a pickup courier which included picking up parcels and boxes from defendant's clients.
3. On 2 July 1993, while at the Computerland stop, plaintiff picked up 20 to 30 boxes of computers and loaded them into the van she was driving. Each of the boxes weighed approximately 75 pounds. The parcels and boxes that plaintiff regularly picked up did not weigh this much.
4. When plaintiff reached her next stop, she exited her van carrying a clipboard and walked quickly down a hallway. As she was walking, she experienced a sudden severe pain and numbness in the right side of her body, causing her to almost fall. She attempted to scan the boxes she was to pick up at that stop, but the pain was so great that she could not continue to work. Plaintiff called her supervisor, Laurie Avera, who arranged to have plaintiff taken home.
5. Plaintiff was diagnosed by Dr. Rick Erickson as having a muscle sprain in her lower back. Dr. Erickson treated plaintiff on eighteen occasions between 7 July 1993 and 16 August 1993 at Erickson Chiropractic Clinic.
6. On 2 July 1993 plaintiff experienced a specific traumatic traumatic incident of the work assigned when she injured her back as she was lifting unusually heavy computer boxes at Computerland.
* * * * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 2 July 1993 plaintiff experienced a specific traumatic traumatic incident of the work assigned when she injured her back as she was lifting unusually heavy computer boxes at Computerland. The onset of back pain does not have to be contemporaneous with the lifting and carrying to make an incident compensable. Rather, what is determinative is that the back injury be a direct result of a specific traumatic incident. N.C. Gen. Stat. § 97-2(6), Roach v. Lupoli ConstructionCo. 88 N.C. App. 271, 362 S.E.2d 823 (1987).
2. Plaintiff is entitled to have the defendant make payment of all medical expenses incurred, or to be incurred, as a result of the injury she sustained so long as such treatment effects a cure or gives relief. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the compensable injury she sustained on 2 July 1993. Payment shall be made after defendant has submitted bills for said medical services according to Industrial Commission procedures.
2. Defendant shall pay the costs.
This is the 21st of February 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER