The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 20 December 1993 an employer-employee relationship existed between plaintiff and defendant-employer Geupel DeMars.
3. On 17 June 1992 an employer-employee relationship existed between plaintiff and defendant-employer Rodgers Builders.
4. At all relevant times defendant-employer Rodgers Builders was insured by St. Paul Fire and Marine Insurance Company. At all relevant times defendant-employer Geupel DeMars was insured by the Home Insurance Company.
5. Plaintiff's average weekly wage on 20 December 1993 was sufficient to yield the maximum compensation rate for 1993 of $442.00.
6. The following documents have been stipulated into evidence:
a. Medical reports.
 b. The recorded statement given by plaintiff to Ms. Patricia Sheppard on 23 June 1994.
 c. The Opinion and Award of the Full Commission in claim number 251274 filed 19 July 1994.
 d. The Form 28B submitted by defendants in I.C. 251274.
7. There is no claim for temporary total disability due as of the date of hearing.
8. The issues to be resolved are:
 a. Was plaintiff's back injury on or about 20 December 1993 causally related to his compensable back injury of 17 June 1992? If so, is it related to his employment with defendant-employer Rogers Builders, Inc.?
 b. Is plaintiff's current condition related to an incident that occurred on or about 20 December 1993 while he was employed by Geupel DeMars? If so, is his condition related to his employment with defendant-employer Geupel DeMars?
 c. To what benefits, if any, is plaintiff entitled? And, if so, from which defendant?
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a forty year old male who has worked as a crane operator for numerous employers. Plaintiff works on a "job by job" basis.
2. On 17 June 1992 plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant Rodgers Builders. On that day plaintiff was using an end loader to knock down a rock wall. He used the corner of the end loader bucket to gouge and break down the wall. This caused jolting and bouncing to the front end loader and to plaintiff. Plaintiff developed severe back and leg pain. He was subsequently diagnosed as having a herniated disc.
3. Plaintiff was initially seen by a chiropractor, Joseph McLaughlin, who then referred him to Dr. Raymond Sweet.
4. Dr. Sweet is a Board Certified Neurosurgeon. Dr. Sweet ordered an MRI of plaintiff's spine. The MRI of plaintiff's lumbar spine revealed a large left sided herniated nucleus pulposus at L4-5 with small central and right side herniated pulposus at L5-S1. Dr. Sweet recommended surgery and performed a lumbar laminectomy and diskectomy at L4-5 in December 1992.
5. Plaintiff was released by Dr. Sweet on 16 February 1993. He was restricted to work at the lower extremities of cranes and mobile cranes until given a rating on 6 July 1993. Plaintiff worked until December 1993 without difficulty and without restrictions. He was employed at the Charlotte Convention Center immediately after his recovery then worked for Pre-Cast Services before moving to Virginia where he was employed by C.J. Moher. He did not experience leg or back pain during this time.
6. In an Opinion and Award in I.C. No. 251274 filed by Deputy Commissioner Morgan Chapman and subsequently upheld by the Full Commission after appeal, plaintiff was deemed to have suffered a compensable injury to his lower back while working for defendant-employer Rodgers Builders, Inc. Plaintiff was awarded and paid benefits including a 10% permanent partial impairment rating to the back.
7. In November 1993 plaintiff went to work for Geupel DeMars as a crane operator. Plaintiff was hired to work on the constructions of the Buncombe County Detention Center in Asheville.
8. In December 1993 plaintiff was employed as a tower crane operator for defendant-employer Geupel DeMars, climbing twenty foot sections of vertical ladder up to a crane where he performed his work. On the morning of 20 December 1993 plaintiff was over sixty feet above the ground between the third and fourth section of a crane, each approximately twenty feet high. While plaintiff was outstretched on the ladder, holding on as he was climbing, he momentarily stopped as he suddenly and involuntarily had to cough or sneeze. He immediately felt a pop in his back and simultaneously experienced back pain. Deciding that it was easier to climb up rather than down plaintiff continued up the tower crane to the next platform and eventually to the top. While he operated the crane without the exertion of climbing, the pain eased and he was able to work the remainder of the day.
9. Plaintiff desired to keep working and expected his back pain to resolve over time. However, though he continued to work until February 1994, he could no longer sit comfortably in order to operate the tower crane.
10. As a consequence plaintiff presented to Dr. Sweet on 14 February 1994 and Dr. Sweet ordered an MRI. Dr. Sweet's diagnosis was a recurrent disc herniation at the same level and on the same side as the 1992 herniation. Dr. Sweet suggested surgery.
11. Plaintiff did not miss any time or lose any wages as the result of any back problems during his employment with Geupel DeMars. After leaving Geupel DeMars plaintiff has continued to work as a crane operator for different employers.
12. On 7 February 1996 plaintiff was seen by Dr. J. Robin Hicks for a second opinion at the request of St. Paul Insurance Company, the carrier for Rodgers Builders. Dr. Hicks has been board certified in orthopaedic surgery since 1966.
13. The preponderance of all the competent, credible, medical evidence of record leads to the conclusion by the undersigned that plaintiff's herniation occurred as a result of the sudden and unexpected cough or sneeze he experienced on 20 December 1993 as he was performing the physical activity of climbing the vertical ladder which produced a strain on plaintiff's torso. The combination of plaintiff being in a strained position required by his work at the time of the sneeze or cough resulted in a situation when a herniation is more likely to occur than when merely coughing or sneezing.
14. Plaintiff's current ruptured disc, which was the subject of the May 1996 hearing, and related symptomology were the result of a specific traumatic incident of the work assigned by defendant-employer Geupel DeMars, Inc. on 20 December 1993.
15. Even though Dr. Sweet did not characterize plaintiff's episode of 20 December 1993 as a "new work injury", he did concede that the episode was a "medical trauma" which is defined as a physical injury.
******************
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's recurrent disc herniation occurred as a result of a specific traumatic incident of the work assigned by Geupel DeMars. The undisputed medical evidence shows that plaintiff's re-herniation occurred as a result of plaintiff's cough or sneeze experienced on 20 December 1993 as he was performing the physical activity of climbing the vertical ladder which produced a strain on plaintiff's torso. The combination of plaintiff being in a strained position required by his work at the time of the sudden and unexpected sneeze or cough resulted in a situation when a herniation is more likely to occur than when merely coughing or sneezing. The herniation was not causally related to the compensable prior injury by accident of 16 June 1992. N.C. Gen. Stat. § 97-2 (6); Bradley v. E.B. Sportswear, Inc.,77 N.C. App. 450, 335 S.E.2d 53 (1985).
2. Plaintiff is entitled to payment for all medical treatment including surgery, physical therapy or work hardening which is reasonably necessary to effect a cure, give relief, or lessen the period of disability. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to such temporary total or temporary partial benefits for any period that he may be taken out of work by his physician (Dr. Hicks or Dr. Sweet) or any other qualified physician agreed upon by the parties for the purposes, as set forth in paragraph four. Since plaintiff has missed no work and lost no wages as a result of his compensable injury of 20 December 1993 according to the records herein, he is not entitled to compensation at this time. N.C. Gen. Stat. § 97-29.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants, Geupel DeMars, Inc. and Home Insurance Company, Inc. are Ordered to pay for all medical and indemnity compensation flowing from the compensable specific traumatic incident suffered by plaintiff on 20 December 1993. Defendants shall pay for the cost of treatment rendered by or recommended by Dr. Raymond Sweet, Dr. Hicks or another treating physician agreed upon by the parties, for the compensable injury, as well as any indemnity benefits that might flow from disability to earn wages as a result of the injury or treatment.
2. Plaintiff's attorney is entitled to a reasonable attorney fee which will be deducted from any benefits paid to the plaintiff as the result of future temporary total, temporary partial, or permanent partial disability. Plaintiff's attorney shall be entitled to 25% of any such future benefits.
3. Defendants, Geupel DeMars, Inc. and Home Insurance Company, Inc. shall pay the costs.
This the 8th day of October 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ WILLIAM HAIGH DEPUTY COMMISSIONER