***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and arguments on appeal. The appealing party has shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner's Opinion and Award. The Full Commission hereby REVERSES the decision of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Interstate Brands Corporation was a self-insured employer with Kemper Risk Management as its servicing agent.
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff, who is fifty-two years old at the time of the hearing before the Deputy Commissioner and a high school graduate, began working for defendant bakery in April 1973 as a route delivery salesman. His job duties included loading a truck with racks of bread, cake and rolls, making deliveries of these racks to the customers on his route and servicing his accounts. As of July 2001 his accounts included a Super Wal-Mart, two grocery stores, several restaurants, two nursing homes, and some convenience stores. The very large racks of bread plaintiff loaded, carried, and unloaded weighed up to 450 pounds.
2. On 5 July 2001, plaintiff was pulling one of these fully-loaded bread racks when the rack became lodged or stuck on the bumper of his truck. As plaintiff pulled on the stuck rack, his hands slipped from the rack, causing his head and body to snap backwards. Plaintiff felt immediate pain and loss of feeling in his leg and arm. Plaintiff immediately called his supervisor, Mr. Kenny King, and advised Mr. King that he had been injured by this event and would be unable to complete his route.
3. The plaintiff sought immediate treatment from Onslow Memorial Hospital, where he was initially misdiagnosed as having suffered a "mini-stroke." The plaintiff was referred to Coastal Nuerological Associates and was evaluated there by Dr. Ballenger on 6 July 2001. After numerous tests, Dr. Ballenger diagnosed plaintiff's condition as a cervical myelopathy and referred the plaintiff to Dr. Sean Hsu, a neurosurgeon. Dr. Hsu saw plaintiff on 22 August 2001, diagnosed a cervical myelopathy, and recommended surgery to remove the herniated disc to decompress the spinal cord. This surgery was performed on 30 August 2001. Plaintiff has been unable to work since the accident.
4. On 27 August 2001, the plaintiff completed a "Workers Compensation Claim Reporting Form" and submitted it to his supervisor for transmittal to the Industrial Commission. On 6 September 2001, defendants denied liability using a Form 61.
5. Defendant was given immediate actual notice of plaintiff's injury and disability and was not prejudiced by the plaintiff's slight delay in filing the proper Industrial Commission form.
6. The dizziness and headache symptoms plaintiff suffered in 1997 have no relationship to the injury plaintiff suffered in the case at hand or his current disability.
7. Dr. Hsu's expert medical testimony causally relates plaintiff's disability to the 5 July 2001 injury.
8. Defendant-employer's Human Resources manager testified that plaintiff was a healthy, dependable worker for 28 years and in that time had not used even a single sick day until the accident of 5 July 2001.
9. There was some confusion on the part of Dr. Hsu regarding the date of injury. Dr. Hsu apparently erroneously wrote down 6 June 2001 as the plaintiff's date of injury. In his testimony Dr. Hsu later corrected this error and affirmed 5 July 2001 as the incident date.
10. At the time of the plaintiff's injury, his average weekly wage was $820.00 per week, which yields a weekly compensation rate of $546.67.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 5 July 2001 the plaintiff sustained an injury by accident arising out of and in the course of his employment when he suffered a specific traumatic incident of the work assigned as he pulled a fully-loaded rack of bread which had become stuck, causing his hand to slip and his body to jerk. N.C. Gen. Stat. §97-2(6)
2. The injury of 5 July 2001 took place during a judicially cognizable time period, in that it happened as plaintiff performed a specific task on a specific day that caused the immediate onset of symptoms and disability that plaintiff instantly reported to his supervisor and for which the plaintiff sought medical treatment forthwith. Livingston v. Fields Co.,93 N.C. App. 336, 377 S.E.2d 788 (1989).
3. As a result of the compensable injury of 5 July 2001, plaintiff has incurred medical expenses that were reasonably necessary to effect a cure or give relief for his back injury. Plaintiff has not reached maximum medical improvement and further medical treatment may be necessary. Plaintiff is entitled to have defendants pay for all medical treatments, past and future, reasonably related to his compensable injury. N.C. Gen. Stat. §97-25.
4. As the result of his injury by accident of 5 July 2001, plaintiff is disabled from work and is entitled to receive compensation for temporary total disability compensation at the rate of $546.67 per week for the period beginning 6 July 2001 and continuing thereafter until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay plaintiff ongoing total disability compensation at a rate of $546.67 per week for the period of 6 July 2001 through the present and continuing until further order of the Commission. Compensation that has accrued shall be paid to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendants shall pay the medical expenses incurred or to be incurred by plaintiff that are related to his compensable injury by accident of 5 July 2001.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation approved herein is approved for counsel for plaintiff. From the compensation that has accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to plaintiff's attorney, with plaintiff's attorney receiving every fourth check thereafter.
4. Defendants shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER