***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission reverses the Opinion and Award of Deputy Commissioner Holmes and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between the named employee and the named employer.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage is $641.98, which yields a compensation rate of $428.01 per week.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 53 years old. Plaintiff completed the seventh grade and does not have a General Equivalency Diploma. Plaintiff's vocational history consists of heavy equipment operation and electrical work.
2. Plaintiff began employment with defendant-employer in 2002. He was hired as a heavy equipment operator.
3. On September 6, 2002, almost eighteen months prior to the alleged injury, plaintiff sought treatment from Dr. Wood with a history of low back pain. Dr. Wood recommended conservative treatment. On May 12, 2003, plaintiff returned to Dr. Wood with complaints of back pain following an injury unloading a fishing boat the previous day.
4. Plaintiff continued to treat with Dr. Wood for chronic low back pain, and on February 6, 2004, underwent a lumbar spine MRI. The MRI revealed that plaintiff suffered from moderately severe central canal stenosis at L3-4, L4-5 and L5-S1, secondary to disc bulging, ligament hypertrophy and a congenitally narrow spinal canal. The MRI also revealed a small right paracentral disc herniation at L5-S1 impining upon the traversing right S1 nerve root. *Page 3 
5. Plaintiff testified that while operating a bulldozer on May 13, 2004, he ran over a number of stumps which caused him to be thrown about the cab of the bulldozer. Plaintiff testified that he began to experience pain in his lower back and right hip.
6. Plaintiff reported the injury to his supervisor the following Monday.
7. The testimony of Matt McCarthy, plaintiff's supervisor, and James Powell, the employer's Director of Operations, indicated that both gentlemen were present at the work site in May 2004, and that there were no large stumps present as plaintiff alleges.
8. On May 13, 2004, plaintiff obtained chiropractic treatment with Dr. Graybar for severe low back pain with bilateral radiating lower extremity pain. The following day, plaintiff followed up with Dr. Wood with continued complaints of back pain.
9. On May 21, 2004, plaintiff obtained medical and chiropractic treatment with Dr. Duffy, reporting an exacerbation of symptoms due to routine physical activities.
10. On May 22, 2004, plaintiff obtained treatment at Wallace Urgent Care and reported back pain beginning on May 19, 2004.
11. On May 25, 2004, plaintiff obtained an evaluation from Dr. Huffmon, a neurosurgeon. Plaintiff did not report an injury or incident to Dr. Huffmon as the cause of his back pain. Dr. Huffmon diagnosed plaintiff with degenerative disc disease with stenosis. Dr. Huffmon did not believe that plaintiff had a surgical lesion, and recommended pain management.
12. On June 15, 2004, plaintiff obtained pain management treatment from Dr. Joachim, reporting that he had been suffering from back pain for thirty-five years, and began experiencing pain and tingling in February 2004. Plaintiff underwent epidural steroid injections with pain management. *Page 4 
13. Dr. Wood ceased practicing with Carolina Internal Medicine, and plaintiff began treating with Dr. Bendi. As of August 5, 2005, Dr. Bendi noted that plaintiff had returned to work as a heavy equipment operator.
14. Plaintiff's reports regarding the onset of symptoms and the events of May 13, 2004 have been inconsistent, and are deemed by the undersigned as not credible.
15. Plaintiff has failed to prove by the greater weight of the evidence that any specific or inciting event caused an aggravation or acceleration of plaintiff's pre-existing back pain.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident or specific traumatic incident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). A specific traumatic incident must have occurred "at a cognizable time". Bradley v. E.B. Sportswear, Inc.,77 N.C. App. 450, 452, 335 S.E.2d 52, 53 (1985).
2. Disability caused by a pre-existing condition is only compensable if there has been "aggravation or acceleration of it by a compensable accident or by an occupational disease." Drakeford v. CharlotteExpress, 158 N.C. App. 432, 439, 581 S.E.2d 97, 102 (2003).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following: *Page 5 
 AWARD
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall bear its own costs.
This the 27th day of July, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING WITHOUT WRITTEN OPINION:
 S/______________ THOMAS J. BOLCH COMMISSIONER *Page 1