I respectfully dissent from the majority's decision holding plaintiff suffered a specific traumatic incident on or around June 2, 2005 which caused injury to his neck, right shoulder, and right arm.
In Chambers v. Transit Management, 360 N.C. 609, 636 S.E.2d 553
(2006), the Supreme Court held that evidence of a gradual onset of pain was not sufficient to satisfy the requirements of N.C. Gen. Stat. §97-2(6). In order to qualify as a specific traumatic incident, the injury must not have developed gradually but must have occurred at a cognizable time. Cognizable has been defined as capable of being judicially known and determined. Livingston v. James C. Fileds Co., 93 N.C. App. 336, 377 S.E.2d 788 (1989).
In the case at hand, the evidence indicates that plaintiff did not meet his burden of proving that some event occurring at a cognizable time caused the injury to his neck. Plaintiff reported to the plant dispensary on June 13, 2005 complaining of increased shoulder and arm pain over the last couple of weeks. Plaintiff could not recall a specific event in June 2005 that caused him to suffer neck, shoulder, and arm pain. Plaintiff did not report any inciting event or recent injury to his treating physicians. The evidence and testimony merely supports the finding that plaintiff suffered a gradual onset of pain beginning sometime in June 2005. While exact certainty is not required, more than a gradual onset of pain is necessary to find a specific traumatic incident. *Page 14 
Furthermore, plaintiff has failed to show that his neck, right shoulder, and right arm pain were causally related to any alleged incident occurring in June 2005. Dr. Morris testified that plaintiff's condition could have been caused by a specific incident that plaintiff does not recall or it could have been a progression of his degenerative condition. Dr. Koo testified that she did not know with reasonable certainty what caused plaintiff's degenerative neck condition to become symptomatic but that there must have been a neck injury of some sort that plaintiff was unable to recall. These opinions amount to speculation. Plaintiff has failed to carry the burden of proving by competent evidence that a causal relationship exists between the alleged work-related accident and the disability for which compensation is sought. Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
For these reasons, I believe the Opinion and Award of Deputy Commissioner Baddour should be reversed and plaintiff's claim for benefits should be denied.
 S/______________________
 DIANNE C. SELLERS COMMISSIONER *Page 1