**ROSE v. N.C. DEP'T OF CORR.**

[219 N.C. App. 380 (2012)]

TIMOTHY ROSE, Employee, Plaintiff v. N.C. DEPARTMENT OF CORRECTION, Employer, SELF-INSURED (KEY RISK MANAGEMENT SERVICES, Servicing Agent), Defendant

No. COA11-780

(Filed 6 March 2012)

**1. Workers' Compensation—back injury—pain developing gradually**

The Industrial Commission did not err in a workers' compensation case by affirming the award of the Deputy Commissioner for temporary total disability compensation for a back injury where the pain from the injury developed gradually over a period of time. It was undisputed that plaintiff fell and suffered an injury while at work, and the injury and the pain did not have to be simultaneous.

**2. Workers' Compensation—back injury—fall as contributing factor**

The record in a workers' compensation case contained sufficient evidence to support a finding that plaintiff's fall was a contributing or a causative factor to his injury. Plaintiff's medical expert concluded to a reasonable degree of medical certainty that plaintiff's fall was the cause of his lower back injury.

Appeal by defendant from opinion and award entered 25 February 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 December 2011.

*Law Offices of James Scott Farrin, by Barry C. Jennings and Douglas Berger, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Karissa J. Davan, for defendant-appellant.*

HUNTER, Robert C., Judge.

The North Carolina Department of Correction (the "DOC") appeals from the 25 February 2011 opinion and award of the Full Commission of the North Carolina Industrial Commission. In that opinion and award, the Full Commission affirmed an award by the Deputy Commissioner of temporary total disability compensation to Timothy Rose ("plaintiff"). The DOC alleges that plaintiff failed to establish a causal connection between a compensable injury and the

back pain for which he seeks compensation. Consequently, the DOC alleges the Full Commission erred in affirming the Award and Opinion of the Deputy Commissioner because: (1) the Full Commission's findings of fact are not supported by competent evidence, and (2) the Full Commission's conclusions of law are contrary to North Carolina caselaw. After careful review, we affirm the opinion and award of the Industrial Commission.

## Background

Plaintiff began working for the DOC in 2007 and was employed as a correctional officer at the time he sustained an injury at work on 3 February 2008. On that date, plaintiff fell forward while walking up the stairs and struck his right knee on one of the stairs. That same day, plaintiff filed an Employee Initial Report of Injury reporting an injury to his right knee. The night of his fall, plaintiff was treated for pain in his right knee. Plaintiff later testified that upon striking his knee he felt an immediate sensation of pain "that went from [his] butt cheek down—all the way down to [his] foot."

Plaintiff received treatment at the local hospital over the next month and began seeking treatment from Dr. George Miller, a board certified orthopedic surgeon, in March 2008. On 27 March 2008, plaintiff reported pain in his right foot, left leg, and back pain. An MRI scan showed plaintiff had a disc protrusion that was pressing on the right L5 nerve in his spine. Dr. Miller referred plaintiff to Dr. Kurt Voos ("Dr. Voos"), also a board certified orthopedic surgeon.

Dr. Voos performed back surgery on plaintiff on 5 June 2008. However, plaintiff continued to have lower back and leg pain and has required continued narcotic medication. Dr. Voos determined plaintiff had reached maximum medical improvement with 10% permanent partial disability for his back.

On 29 April 2008, plaintiff's employer denied compensation for plaintiff's lower back condition. Plaintiff's workers' compensation claim was heard on 9 March 2009. Deputy Commissioner Ledford filed an opinion and award on 29 July 2010 concluding plaintiff was entitled to benefits for injuries to his lower back and his right knee. The DOC appealed to the Full Commission, which, on 25 February 2011, affirmed the Deputy Commissioner's decision finding, *inter alia*, that: plaintiff's 3 February 2008 accident

> was a significant contributing or causative factor in plaintiff's development of a disc bulge at L4-L5. . . . The Full Commission

finds by the greater weight of the medical evidence, that plaintiff's back pain did not develop immediately at the time of the fall and that fact does not negate the casual connection to the accident.

Plaintiff was awarded temporary total disability of $355.52 per week from 27 March 2008 until further order of the Industrial Commission as well as medical expenses resulting from the injuries. The DOC appeals from the decision of the Full Commission.

Our review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This '[C]ourt's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (internal citation omitted) (quoting *Anderson v. Lincoln Const. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

## Discussion

[1] The thrust of the DOC's first argument is that a back injury is not a compensable injury if the *symptoms* of the injury developed gradually over a period of time. We disagree.

In support of its argument, the DOC relies on *Chambers v. Transit Mgmt.*, 360 N.C. 609, 618, 636 S.E.2d 553, 558 (2006). In *Chambers*, the North Carolina Supreme Court concluded the evidence in that case was insufficient to establish the plaintiff suffered a "specific traumatic incident" as required by N.C. Gen. Stat. § 97-2(6). Section 97-2(6) defines an "injury" under the Workers' Compensation Act, in pertinent part:

> With respect to back injuries, however, where injury to the back arises out of and in the course of the employment and *is the direct result of a specific traumatic incident* of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

N.C. Gen. Stat. § 97-2(6) (2009) (emphasis added). The *Chambers* Court noted prior caselaw established that a "specific traumatic incident" under section 97-2(6) "means the '*injury* must not have developed gradually but must have occurred at a cognizable time.' "

*Chambers*, 360 N.C. at 618, 636 S.E.2d at 558 (emphasis added) (quoting *Bradley v. E.B. Sportswear, Inc.*, 77 N.C. App. 450, 452, 335 S.E.2d 52, 53 (1985)).

In light of *Chambers*, the DOC argues plaintiff's back condition is not compensable because plaintiff's evidence establishes he did not report back pain until approximately six weeks after his fall. The DOC's argument, however, incorrectly applies our Supreme Court's reasoning in *Chambers*.

The distinguishing factor of *Chambers* is that the plaintiff was seeking compensation for an injury that was the result of " 'no particular inciting event.' " *Id.* at 617, 636 S.E.2d at 558. The plaintiff "presented no evidence linking [his] pain to the occurrence of an injury." *Id.* at 618, 636 S.E.2d at 559. Thus, the Chambers Court concluded the plaintiff failed to establish the injury was " 'the direct result of a specific traumatic incident' and 'causally related to such incident.' " *Id.* at 619, 636 S.E.2d at 559 (quoting N.C. Gen. Stat. § 97-2(6) (2005)).

The DOC appears to base its reliance on *Chambers* on the fact that the plaintiff in that case described a " 'gradual onset' " of pain. *Id.* at 617, 636 S.E.2d at 558. The *Chambers* Court recognized, however, that a compensable " '*injury* must not have developed gradually.' " *Id.* at 618, 636 S.E.2d at 558 (citation omitted and emphasis added). The Court did not conclude that the gradual onset *of pain* would be determinative of the compensability of a claim, noting that pain "as a general rule, [is] the *result* of a 'specific traumatic incident.' " *Chambers*, 360 N.C. at 619, 636 S.E.2d at 559 (quoting *Roach v. Lupoli Constr. Co.*, 88 N.C. App. 271, 273, 362 S.E.2d 823, 824 (1987)). Rather, the *Chambers* Court concluded that the gradual onset of the plaintiff's pain "*without more*, does not establish evidence of a specific traumatic incident." *Id.* (emphasis added).

Here, it is undisputed that plaintiff fell and suffered an injury to his knee while at work. *Chambers*, therefore, does not, as a matter of law, require the conclusion that plaintiff failed to establish a "specific traumatic incident" as the DOC contends. As this Court stated in *Roach*:

> Just because [the plaintiff] felt pain for the first time hours after the time he alleges he injured himself, does not mean that the "specific traumatic incident" could not have occurred when he says it did. Logic dictates that injury and pain do not

have to occur simultaneously for [the plaintiff] to establish that he sustained a compensable injury . . . .

88 N.C. App. at 273, 362 S.E.2d at 825. The DOC's argument is overruled.

[2] The remaining issue raised by the DOC is whether the record contains competent evidence to support the Full Commission's finding that plaintiff's 3 February 2008 fall was a "contributing or causative factor" in plaintiff's back injury. We conclude it does.

It is the plaintiff that bears the burden of establishing a causal connection between his injury and an accident arising out of and suffered in the course of employment. *Gray v. RDU Airport Auth.*, ___ N.C. App. ___, ___, 692 S.E.2d 170, 174 (2010). The DOC argues plaintiff has failed to meet his burden because the testimony of his medical expert as to the cause of plaintiff's injury was no more than a guess or mere speculation.

In cases of "complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Holley v. ACTS, Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 753 (2003). The evidence upon which a medical expert bases his or her opinion as to causation "must be such as to take the case out of the realm of conjecture and remote possibility." *Id.* (citation and quotation marks omitted). The entirety of the evidence must establish a "reasonable degree of medical certainty" as to causation. *Id.* at 234, 581 S.E.2d at 754.

Here, plaintiff's medical expert, Dr. Voos, testified in his deposition as follows:

> [Counsel]: Well, more likely than not *to a reasonable degree of medical certainty*, can you relate all of the problems that [plaintiff] had based on all the different scenarios that we've talked about today back to the February 3 incident?
>
> [Dr. Voos]: I won't speak to the knee. I don't know if he ever had anything done with the knee pain per say but *I would say for his back yes.* (Emphasis added.)

Thus, the record establishes that plaintiff's medical expert concluded to a "reasonable degree of medial certainty" that plaintiff's fall on 3 February 2008 was the cause of his lower back pain. The DOC's argument is overruled.

In summary, the record contains competent evidence to support the Full Commission's findings of fact and justifies its conclusions of law. The opinion and award of the Industrial Commission is affirmed.

Affirmed.

Judges GEER and HUNTER, Jr., concur.