JEFFREY K. FISH, Plaintiff v. STEELCASE, INC., Employer, WAUSAU INSURANCE COMPANIES, Carrier, Defendants

No. 9310IC1074

(Filed 1 November 1994)

**1. Workers' Compensation § 165 (NCI4th)— specific traumatic incident—injury at cognizable time required—no specific hour or day of injury required**

The specific traumatic incident provision of N.C.G.S. § 97-2(6) requires the plaintiff to prove an injury at a cognizable time but does not compel the plaintiff to allege the specific hour or day of the injury.

**Am Jur 2d, Workers' Compensation §§ 246-250.**

**2. Workers' Compensation § 167 (NCI4th)— back injury occurring during normal work routine**

Nothing in N.C.G.S. § 97-2(6) precludes compensation for a back injury which occurs in the normal work routine, and the Industrial Commission's interpretation of the statute requiring an unusual occurrence or departure from ordinary duties was error.

**Am Jur 2d, Workers' Compensation §§ 246-250.**

**3. Workers' Compensation § 166 (NCI4th)— injury during judicially cognizable time period**

The Industrial Commission erred in finding that plaintiff's injury did not occur at a judicially cognizable time where plaintiff presented evidence that he suffered a specific injury while pushing a desk in "mid-April" and that the injury was not the result of a gradual deterioration.

**Am Jur 2d, Workers' Compensation §§ 246-250.**

FISH v. STEELCASE, INC.

[116 N.C. App. 703 (1994)]

Appeal by plaintiff from an Order and Award entered 23 July 1993 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 August 1994.

*Mraz & Dungan, by John A. Mraz, for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson and Jeffrey A. Doyle, for defendant appellees.*

COZORT, Judge.

In this case, the Industrial Commission denied workers' compensation benefits to an employee, finding the employee was unable to prove the specific date of the incident which caused plaintiff's back injury. We find the Commission decided the case under a misapprehension of the law, and we remand the case to the Commission for a decision under the proper legal standard. The facts and procedural history follow.

The defendant employer ("Steelcase") is a manufacturer of office equipment. Plaintiff is employed on "final repair," where he is responsible for inspecting desks on the conveyor line. The desks are manually pushed from the rollers of the main conveyor line to the inspection line. There is no power on the rollers, and the employees on final repair must be careful not to push the desks off their pallets. Once on the inspection line, the desks are inspected, "touched-up," and readied for shipping. The inspectors then push the desks back onto the main line.

Plaintiff had no history of back problems. At some time during the month of April 1989, plaintiff was pushing a desk weighing approximately 400-450 pounds from the inspection line to the main line when he felt a "pull" in the lower right side of his back. Plaintiff continued with his duties because he did not think the injury was serious enough for him to stop working. Plaintiff also failed to inform the plant nurse of his condition; however, on the next day, he informed his supervisor, Jerry Logan, that he was experiencing back trouble. Logan informed the plaintiff that he would have to determine himself whether the pain was too great for him to continue working. Logan and another employee stated that plaintiff had informed them of his back injury in mid-April. Neither could specify the exact date that the plaintiff informed them of his condition.

**FISH v. STEELCASE, INC.**

[116 N.C. App. 703 (1994)]

Plaintiff's condition worsened, forcing him to visit his family physician on 24 April 1989. The injury was diagnosed as a back strain, and the doctor placed the plaintiff on medication. Plaintiff returned to work, but by 19 May 1989 the pain was radiating down his right leg. On 22 May and 24 May 1989 plaintiff visited the plant nurse, and he was sent home from work on the 24th. The nurse reported that the plaintiff informed her that the pain had been present for "one plus month." Plaintiff was referred to an orthopedic surgeon on 30 May 1989 who diagnosed a herniated disc which was surgically repaired by a neurosurgeon on 24 August 1989. Plaintiff was released to return to work on 1 November 1989 with a disability rating of 10%. Plaintiff pursued benefits from his medical carrier and signed an indemnification agreement indicating that if he recovered from a workers' compensation claim, the medical carrier would be reimbursed.

The defendant employer's carrier denied liability, and plaintiff requested a hearing before the Industrial Commission. The case was heard by Deputy Commissioner Charles Markham, who filed an opinion dated 17 June 1991 denying plaintiff's claim. The opinion contained the following pertinent findings:

> 2. At an indeterminate time in mid-April, plaintiff was pushing a desk weighing 400 to 450 pounds when he felt a pull in the lower right side of his back, one to three inches above his belt line. His back had never hurt before, as far as he could remember.
>
> \* \* \* \*
>
> 5. Jeff Laughter, a fellow employee of plaintiff, remembered that on a day in April, 1989 plaintiff came to him and said he pulled his back pushing a unit on the line. Plaintiff also told another employee, Bass (who was ill the day of the hearing). At the hearing, Laughter could not remember the exact date this happened. His memory was refreshed by hearing the date April 17 mentioned at the hearing. He had earlier identified the date as April 17, because this happened on a Tuesday and it was two or three days before plaintiff told him he was seeking a doctor. April 17, 1989 was a Monday. Plaintiff saw his doctor April 24. Laughter's testimony is insufficient to support a finding that the incident occurred on April 17.
>
> \* \* \* \*
>
> 8. Plaintiff visited defendant's plant nurse May 22, 1989 with the same complaints he had mentioned to Dr. Morrison. She

noted his back condition had been "present for one plus month", which would be consistent with an onset of pain during the period plaintiff had described to Dr. Morrison.

\* \* \* \*

15. Plaintiff's Form 18, prepared by his girl friend, dated June 10, 1989, and filed with the Industrial Commission June 15, listed April 17, 1989 as the date of his allegedly compensable injury. This was the first written notice of his claimed injury. He stated his disability began May 24. On the indemnifying agreement on May 31, he stated that his disability began "about a month ago".

16. Dr. Harley's record of examination May 30 stated: "This 28 year old man was working at Steel Case approximately a month ago (i.e., the beginning of May), pushed a desk and developed pain in the lower right back into his right leg".

17. On August 2, 1989, plaintiff told defendant carrier's adjuster that the [sic] after the desk pushing incident, which ruptured a disc, the pain got worse and worse. This was about five or six weeks after he pushed the desk. If May 20 is the date on which the possibility of a disc was first apparent, and the pain got worse, the pushing episode could have occurred between April 8 and April 15.

\* \* \* \*

19. There is no indication how plaintiff finally established April 17 as the day he pushed the desk, other than talking to Laughter and Bass. Laughter was confused about the date involved.

\* \* \* \*

21. Plaintiff's accident, if one occurred, came while he was engaged in his normal work routine of pushing desks. It did not involve any departure from his ordinary duties.

22. In view of the variety of reports plaintiff gave, as to the date he pushed the desk with disabling consequences, prior to his decision to claim workers' compensation, his claim and later testimony that April 17, 1989 was the date cannot be accepted as credible. Accordingly he has not sustained his burden of establishing that his injury occurred at a cognizable, i.e., a judicially determinable time.

**FISH v. STEELCASE, INC.**

[116 N.C. App. 703 (1994)]

The Deputy Commissioner concluded:

1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment, G.S. 97-2(6), as there was no accident involved. To prove that an accident occurred, plaintiff must show that he was affected by unusual and unexpected circumstances constituting a departure from his normal work routine . . . .

2. In the case of a back injury, under G.S. 97-2(6) as amended, plaintiff must show that his injury arose out of a specific traumatic incident, which has been judicially interpreted to mean that the injury must have occurred at a cognizable time, that is, at a judicially determinable time, and did not develop gradually. . . . Here, by the plaintiff's own contemporaneous accounts, the incident could have occurred at any time between April 8 and the beginning of May, and the onset of his pain was gradual.

3. Plaintiff has satisfied neither of the two alternate requirements needed to support a finding that his back injury occurred by accident. G.S. 97-2(6).

Plaintiff appealed to the Full Commission, which, on 23 July 1993, adopted the opinion of the Deputy Commissioner. Plaintiff timely appealed to this Court. On appeal, plaintiff contends that the Industrial Commission erred in not ruling (1) that his injury arose out of and in the course of employment, and (2) that it was a direct result of a specific traumatic incident of his work. We agree.

For purposes of workers' compensation, N.C. Gen. Stat. § 97-2(6) defines a back injury as one arising "out of and in the course of the employment, and . . . the direct result of a specific traumatic incident of the work assigned . . . ." N.C. Gen. Stat. § 97-2(6) (1993 Cum. Supp.). Prior to its amendment in 1983, this statute required that there be some type of unusual circumstance for a back injury to be compensable under the Workers Compensation Act. *Bradley v. E.B. Sportswear, Inc.*, 77 N.C. App. 450, 335 S.E.2d 52 (1985). With the 1983 amendment, the Legislature intended to relax this requirement. *Id.* at 452, 335 S.E.2d at 53. The amended statute provides two theories on which a back injury claimant can proceed: (1) that claimant was injured by accident; or (2) that the injury arose from a specific traumatic incident. *Richards v. Town of Valdese*, 92 N.C. App. 222, 224, 374 S.E.2d 116, 118 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989).

An accident is an "unlooked for and untoward event which is not expected or designed by the person who suffers the injury." *Adams v. Burlington Industries Inc.*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983) (quoting *Hensley v. Cooperative*, 246 N.C. 274, 278, 98 S.E.2d 289, 292 (1957)). Because plaintiff has not alleged that his injury was the result of an accident, the only issue in this case is whether the plaintiff presented sufficient evidence to support a finding of a specific traumatic incident.

[1] While the case law interpreting the specific traumatic incident provision of N.C. Gen. Stat. § 97-2(6) requires the plaintiff to prove an injury at a cognizable time, this does not compel the plaintiff to allege the specific hour or day of the injury. As we stated in *Richards*, the General Assembly did not intend to limit the definition of specific traumatic incident to an instantaneous occurrence. *Richards*, 92 N.C. App. at 225, 374 S.E.2d at 118-19. Events which occur contemporaneously, during a cognizable time period, and which cause a back injury, fit the definition intended by the legislature. *Id.* at 225, 374 S.E.2d at 119. To hold otherwise would defeat the purpose of the amendment.

The issue in this case is whether plaintiff presented credible evidence that the injury occurred at a judicially cognizable time. The Full Commission adopted the Deputy Commissioner's conclusions that, as a matter of law, plaintiff sustained a back injury neither as a result of an accident, nor as a result of a specific traumatic injury. The conclusion that plaintiff suffered no injury as a result of a specific traumatic injury is error, and the opinion and award must be reversed and the cause remanded.

The findings of fact by the Industrial Commission are conclusive on appeal, if there is any competent evidence to support them, and even if there is evidence that would support contrary findings. *Richards*, 92 N.C. App. at 225, 374 S.E.2d at 118. Conclusions of law based on these findings, however, are subject to review by the appellate courts. *Id.* We find the Commission erred in two respects. First, the Commission appears to have applied the pre-1983 interpretation of N.C. Gen. Stat. § 97-2(6). Finding of Fact #21 states:

> 21. Plaintiff's accident, if one occurred, came while he was engaged in his normal work routine of pushing desks. It did not involve any departure from his ordinary duties.

[2] Nothing in N.C. Gen. Stat. § 97-2(6) precludes compensation for a back injury which occurs in the normal work routine. The 1983

amendment allows for coverage when a specific traumatic incident occurs within the normal work routine. The Industrial Commission's interpretation of the statute requiring an unusual occurrence or departure from ordinary duties misapprehends current law.

[3] Second, the Commission erred in finding the injury did not occur at a judicially cognizable time. In the present case, the plaintiff presented evidence that he suffered a specific injury which can be placed in a judicially cognizable time period and that the injury was not the result of a gradual deterioration. The Deputy Commissioner found that the plaintiff identified "mid-April" as the time of injury. Other findings place the incident at some time between 8 April and 1 May. Even though there are a variety of possible dates for the specific traumatic incident, the plaintiff's evidence, if believed, satisfies the judicially cognizable time requirement.

To justify its denial of the plaintiff's claim, the Industrial Commission relied on the plaintiff's inability to name the specific date on which the injury occurred. The final finding of fact states that plaintiff's claim that the injury occurred on 17 April 1989 "cannot be accepted as credible."

This finding is simply a misunderstanding of the burden the plaintiff must meet to prove a back injury. *Judicially cognizable* does not mean "ascertainable on an exact date." Instead, the term should be read to describe a showing by plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred. The evidence must show that there was some event that caused the injury, not a gradual deterioration. If the window during which the injury occurred can be narrowed to a judicially cognizable period, then the statute is satisfied.

We therefore hold the Commission erred by applying the incorrect legal standard to the evidence presented. The cause is remanded to the Commission for a determination under the correct legal standard.

Reversed and remanded.

Judges EAGLES and LEWIS concur.