The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence; and, upon review of the evidence of record herein, the Full Commission REVERSES the Opinion and Award of the deputy commissioner as follows:
Upon review of all of the competent evidence of record the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing, in an executed Pre-Trial Agreement dated 14 April 1993, and in a letter from plaintiff's counsel dated 15 July 1993, as:
STIPULATIONS
On the date of the allege injury giving rise hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
At such time, the employee-employer relationship existed between the plaintiff and defendant employer.
At such time, Liberty Mutual Insurance Company was the carrier on the risk.
At such time, plaintiff's average weekly wage was $250.00, yielding a compensation rate of $166.67.
The date of the alleged injury is 8 June 1992.
Medical records and reports from Dr. Rollins, Dr. Bell and Dr. Rogers are received into evidence.
*******
Based upon the competent evidence from the record herein, the Full Commission make the following
FINDINGS OF FACT
At the time of the hearing in this case, plaintiff was 34 years of age, had an eleventh grade education and was trained as a nurse's aide.
On 8 June 1992, plaintiff was employed by defendant-employer as a creeler and had been so employed for approximately five weeks. Plaintiff's job duties as a creeler consisted of threading machines for machine operators. Upon entering her employment in early May 1992, plaintiff was informed that her position of creeler was temporary, but necessary for defendant-employer to meet increased production needs at that time. Plaintiff worked third shift from 11:00 p.m. to 7:00 a.m.
On 8 June 1992, plaintiff suffered an injury by accident or specific traumatic incident arising out of and in the course of her employment when at approximately 2:30 a.m., she was moving a crate of bobbins weighing approximately 70 pounds out of her way in order to creel a machine. She immediately felt her back pull, and began experiencing pain in her back.
It was not a part of plaintiff's job to move crates of bobbins. Plaintiff moved the crate this day because it prevented her from getting to the creel.
Plaintiff reported her accident to her immediate supervisor approximately fifteen minutes later. Her supervisor responded by giving her aspirin. Plaintiff worked the remainder of her shift that day and each day until 12 June 1992, at which time she was laid off.
Plaintiff did not file a Form 18, Claim by Employee for Workers' Compensation Benefits at the time of her injury because she was told by her supervisor when hired that if injured, she should report the injury to her supervisor. It was company policy for the supervisor to complete the report.
Plaintiff first sought medical attention for her back on July 2, 1992, when she saw Dr. Overman Zino Rollins, a chiropractor. He treated plaintiff approximately four times over the course of two weeks.
There is no indication in Dr. Rollins' notes that plaintiff told him her injury was work related. He testified, however, that he was busy during that time and when he's busy, he only takes the worse symptoms and a little of the history. He therefore could not definitively say whether plaintiff did not tell him about her accident, or whether she told him and he did not record it.
Plaintiff did inform Dr. Rollins she had undergone several operations, and had been in a car accident when she was sixteen. Dr. Rollins, however, recorded the age as thirteen. Plaintiff told him the accident was very minor with no resulting injuries to any party.
Dr. Rollins understood plaintiff to have recounted a history of back injuries, in part due to a car accident. He testified that given plaintiff's prior history of back problems, the accident of 8 June could have caused or aggravated the injury to plaintiff's back.
Dr. Rollins had three possible diagnoses for plaintiff: severe lumbar strain; a slipped disk; or body imbalance due to shifting of the spine.
On 13 July 1992, plaintiff began treatment with Dr. William Bell, a chiropractor, and continued in his care for four visits. Plaintiff identified 8 June 1992 as the initial date her present problems began and noted she had not had these problems prior to that date. She also indicated she had never previously been involved in a car accident.
Dr. Bell diagnosed plaintiff with acute sacroiliac strain, lumbar strain, and sciatica. Plaintiff's last visit with Dr. Bell was 15 July 1992.
Plaintiff filed a Form 33 Request For Hearing on 14 July 1992.
Defendant-employer filed a Form 19, Employer's Report of Injury to Employee on or about 20 July 1992.
Plaintiff next sought treatment from Dr. Hobart R. Rogers, M.D., an orthopedic surgeon, on 28 January 1993. Plaintiff complained to Dr. Rogers that she had continuous pain in her back radiating down into her thighs. She related the onset of her pain to the accident of 8 June 1992.
Plaintiff reported to Dr. Rogers that she did not have any prior back injuries. She did not tell him about her prior car accident.
At the time of her visit, Dr. Rogers diagnosed chronic lumbosacral strain. He prescribed medication and recommended plaintiff undergo an MRI.
The MRI results, dated 12 April 1993, indicated plaintiff was suffering from a desiccated disk at L4-L5 and L5-S1, and a slightly asymmetrical herniation of the L5-S1 disc to the left of the midline.
At the time of his testimony and with the benefit of the MRI, Dr. Rogers upgraded plaintiff's diagnosis to lumbar disk syndrome with left sciatica.
Dr. Rogers opined within a reasonable degree of medical certainty that given no prior history of back problems, plaintiff's herniated disk could have resulted from her accident at work.
Plaintiff last saw Dr. Rogers on 7 April 1993, just prior to the scheduling of her MRI. At the time of this visit, plaintiff had not reached maximum medical improvement. Dr. Rogers was unable to offer a rating for plaintiff because she had not undergone his recommended treatment.
The undersigned find as a fact that plaintiff was involved in a car accident when she was a teenager. Plaintiff did not sustain any lasting or ongoing injuries from this accident. Prior to the accident of 8 June 1992, plaintiff did not suffer from back problems.
As of the date of the hearing before the deputy commissioner, plaintiff remained out of work due to continued complaints of back pain.
There is no evidence that plaintiff attempted to seek employment during this time.
The treatment provided by plaintiff's medical providers were reasonably necessary to effect a cure, give relief and lessen her period of disability and is hereby authorized.
**********
Based upon the foregoing findings of fact as found by the undersigned, the Full Commission make the following:
CONCLUSIONS OF LAW
Plaintiff sustained an injury by accident or specific traumatic event arising out of and in the course of her employment with defendant-employer when she moved a crate of bobbins weighing approximately 70 pounds out of her way in order to creel a machine. N.C.G.S. § 97-2(6).
Defendants received proper notice of plaintiff's injury by accident or specific traumatic incident arising out of and in the course of her employment as required by law when she reported her injury to her supervisor approximately fifteen minutes after she was injured. Fish v. Steelcase, Inc.,116 N.C. App. 703 (1994).
Plaintiff did not lose any time from work as a result of her injury.
The testimony of Dr. Rogers regarding the cause of plaintiff's back injury is sufficient to satisfy plaintiff's burden of proof. Cherry v. Harrell, 84 N.C. App. 598 (1987).
The treatment provided by plaintiff's medical providers were reasonably necessary to effect a cure, give relief and lessen her period of disability and is hereby authorized. N.C.G.S. § 97-25.
Plaintiff is entitled to payment by defendants for all medical treatment necessitated by her injury. N.C.G.S. § 97-25.
Plaintiff is entitled to have defendants provide continuing medical treatment and all medical compensation arising from said injury by accident. N.C.G.S. § 97-2(19); N.C.G.S. § 97-25.
*********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enter the following:
AWARD
1. Defendant shall pay for all medical expenses incurred by plaintiff as a result of her injury when bills for same have been submitted to defendant or defendant-carrier and approved pursuant to procedures established by the Commission.
2. Defendants shall pay all expert fees, specifically $95.00 to Dr. Overman Zino Rollins and $215.00 to Dr. Hobart S. Rogers.
3. Defendants shall pay the costs due this Commission.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ COY M. VANCE COMMISSIONER