In their Opinion and Award, the majority finds that plaintiff sustained a specific traumatic incident pursuant to N.C.G.S. § 97-2(6). In my view, however, the two-hundred hours over the two-month period plaintiff rode the machinery in question is not a "reasonable time period" within which the Commission can determine an injury to have occurred. Fish v. Steelcase,Inc., 116 N.C. App. 703, 708, 449 S.E.2d 233, 238 (1994). Furthermore, it should be noted that the Fish case, cited by plaintiff and the majority, considered a scenario in which plaintiff was injured at some specific, identifiable time during a period of a month. The exact date of this injury could not be determined. At some time during that month, however, it was found that plaintiff was injured pushing a 400-450 pound desk. Plaintiff in the case at hand can indicate no such specific occurrence. Plaintiff and the majority also citeRichards v. Town of Valdese, 92 N.C. App. 222,374 S.E.2d 116 (1988). The Richards case presents, heretofore, the longest time period (10 to 15 hours over one day), during which an unidentifiable specific traumatic incident has been recognized to have taken place. I am uncomfortable with the majority's expansion of the law in this area, and without further guidance from the Courts on this subject, I cannot conclude that plaintiff suffered a specific traumatic incident given the facts of this case.
For the forgoing reasons, I must respectfully dissent from the opinion of the majority in this case.
 S/ _____________________ LAURA KRANIFELD MAVRETIC