The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. An accident report marked as stipulated exhibit 1 was received into evidence.
3. A Form 19 marked as stipulated exhibit 2 was received into evidence.
4. Wage records marked as stipulated exhibit 3 were received into evidence.
5. Medical records marked as stipulated exhibit 4 were received into evidence.
6. A recorded statement marked as stipulated exhibit 5 was received into evidence.
7. Payroll records marked as stipulated exhibit 6 were received into evidence.
8. Subsequent to the hearing, a form 22 marked as stipulated exhibit 7 was received into evidence.
9. Subsequent to the hearing, a one page medical report from Dr. Brigham was marked as stipulated exhibit 8 and received into evidence.
10. If this claim is found to be compensable, plaintiff is entitled to temporary total disability compensation for the time period beginning July 2, 1996 through August 18, 1996.
11. If this claim is found to be compensable, plaintiff is entitled to temporary partial disability payments for the time period beginning August 19, 1996 to September 3, 1996.
12. Plaintiff returned to full duty work on September 3, 1996.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked as a golf course maintenance technician for the defendant-employer. Plaintiff's job duties included mowing grass, hand watering grass, and lifting tee markers when changing cups.
2. Prior to June 1996, plaintiff had never received medical treatment for lower back pain.
3. On the morning of June 28, 1996, plaintiff took two and a half to three hours to change each of the cups on the eighteen hole golf course that he maintained. At each hole, he moved ten tee markers to a clear area. These granite tee markers weighed five to seven pounds each, and had spikes on them so that the tees could be could be lodged into the ground. Plaintiff bent over first to dislodge the tee and then placed the tee in a clear area. Plaintiff cut a new hole on the green. Plaintiff bent over using a plug cutter to pull a plug out of the ground. Plaintiff bent over to pull a cup out of a hole, and then placed the cup in the hole where he removed the plug. Plaintiff also changed two sand buckets weighing from two pounds up to seventy pounds at each of the four par three holes.
4. Upon completion of his regular job duty of changing the cups on June 28, 1996, plaintiff mowed part of the grass between the fairway and the rough. Plaintiff operated a three wheel diesel powered riding lawnmower that required plaintiff to keep his legs almost level with his waist. Plaintiff occasionally got off the lawnmower in order to remove debris. When plaintiff finished mowing on this day, he began to experience lower back pain.
5. Over the June 28, 1996 weekend, plaintiff did not work and experienced back pain and some pain in his left leg.
6. When he returned to work on Monday, July 1, 1996, plaintiff experienced a twitch in his lower back and his left leg started cramping and going numb while mowing the grass between the fairway and the rough.
7. On July 2, 1996, plaintiff sought medical treatment for his back and leg pain from Dr. Lindquist, who subsequently referred him to Dr. Alfred Rhyne, an orthopedic surgeon.
8. A July 10, 1996 MRI revealed that plaintiff had sustained a large left paracentral herniated disc at the L5-S1 level. He underwent a left L5-S1 micro-discectomy performed by Dr. Rhyne on July 31, 1996.
9. Plaintiff returned to work for defendant-employer on August 19, 1996 on light duty. He resumed full duty work on September 4, 1996. Plaintiff continued to be so employed at the time of the hearing before the Deputy Commissioner.
10. Plaintiff reached maximum medical improvement on November 11, 1996 when Dr. Rhyne assigned him a 12% permanent partial disability rating to his back.
11. Dr. Rhyne, plaintiff's treating physician, causally related the disc herniation to the activities involved in changing the cups and mowing the intermediate area on June 28, 1996 and July 1, 1996.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury to his back as a direct result of a specific traumatic incident during a cognizable period of time on June 28, 1996 and July 1, 1996 while working for defendant-employer. The injury was caused by a series of contemporaneous events involved in the cup changing and mowing activities. Richards v. Town of Valdese, 92 N.C. App. 222,374 S.E.2d 116 (1988) disc. rev. denied, 324 N.C. 337,378 S.E.2d 799 (1989). Plaintiff's injury constituted an injury by accident arising out of and in the course of his employment and is compensable. N.C. Gen. Stat. § 97-2(6).Fish v. Steelcase, Inc., 116 N.C. App. 703,449 S.E.2d 233 (1994).
2. As a result of his injury, plaintiff was incapable of earning wages in the same or any other employment from July 3, 1996 until August 18, 1996. Plaintiff is entitled to temporary total disability compensation from July 3, 1996 until August 18, 1996. N.C. Gen. Stat. § 97-29.
3. As a result of his compensable injury, plaintiff was temporarily partially disabled from August 19, 1996 through September 3, 1996, for which he is entitled to compensation at the rate of two-thirds of the difference between his average weekly wage on the date of the compensable injury and his earnings during the aforementioned period. N.C. Gen. Stat. §97-30.
4. As a result of his compensable injury on June 28, 1996 and July 1, 1996, plaintiff is entitled to compensation for the 12% permanent partial disability rating to his back. N.C. Gen. Stat. § 97-31(23).
5. Plaintiff is entitled to have defendants pay all medical expenses incurred or to be incurred as a result of his compensable injury. N.C. Gen. Stat. § 97-25.
6. Plaintiff's average weekly wage yields a compensation rate of $238.75 per week, pursuant to the stipulated Form 22 Wage Chart.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to counsel fee as hereinafter awarded, defendants shall pay temporary total disability compensation to plaintiff at the rate of $238.75 week from July 3, 1996 through August 18, 1996. As such compensation has accrued the compensation shall be paid in one lump sum.
2. Defendants shall pay plaintiff temporary partial disability compensation at the rate of two-thirds of the difference between his average weekly wage on June 28, 1996 and his earnings from August 19, 1996 through September 3, 1996. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
3. Plaintiff shall receive permanent partial disability compensation at the rate of $238.57 per week for 36 weeks for his 12% permanent partial disability to his back. Said amount shall be paid in a lump sum, subject to the attorney's fee approved below.
4. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted through defendants and approved by the Industrial Commission, so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and/or will tend to lessen plaintiff's period of disability.
5. An attorney's fee in the amount of twenty-five percent of any lump sum amount awarded plaintiff herein shall be deducted and paid directly to plaintiff's counsel.
6. Defendants shall pay the costs.
This the ________ day of March 1998.
 S/ ______________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
LKM:jth