The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employee/employer relationship existed between plaintiff and defendant/employer.
3. Zurich-American was the carrier on the risk.
4. A Form 22 was submitted from which an average weekly wage will be determined.
5. The following medical documents are stipulated into evidence:
 a. The medical records of Dr. John C. James (2 pp.)
 b. Medical records of Catawba Orthopaedic Specialists, by Dr. Robert L. Liljeberg, Jr., (9 pp.)
c. Records of Presbyterian Hospital (3 pp.)
 d. Records of Charlotte Neurosurgical Associates, P.A., by Dr. B.W. Brawley (7 pp.)
e. Records of Catawba Memorial Hospital (14 pp.)
6. The issues before the Full Commission are: (i) whether plaintiff sustained an injury by accident which is compensable under the Act; and (ii) if so, to what benefits is plaintiff entitled?
 *********** EVIDENTIARY RULINGS
The objections raised in the deposition of Bob W. Brawley, M.D. are OVERRULED.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was born on December 30, 1966.
2. On August 22, 1995, plaintiff was employed by defendant/employer as a nursing assistant working the third shift at a group home for mentally retarded residents.
3. When plaintiff arrived at work, she entered the kitchen of the group home. The kitchen floor had just been mopped, and was wet. Plaintiff slid on the wet floor and fell backwards, but caught herself by grabbing onto the counter top of the kitchen island cabinet. Plaintiff injured her ankle, and twisted her back while breaking her fall.
4. When plaintiff's supervisor reported to work the next morning, plaintiff reported the accident. Plaintiff concentrated the report on her ankle which was the primary source of her pain, but verbally reported that her back was stiff. The supervisor did not enter the information regarding plaintiff's back into the report.
5. Plaintiff continued to work for defendant/employer. Her ankle injury was minor and required no medical attention, however, the pain in her lower back increased over time. Plaintiff finally sought medical attention for her back on September 13, 1995.
6. When plaintiff presented to Dr. John C. James, her family physician, with lower back pain, she attributed the pain to kidney problems and so did not relate the history of the slip and fall. Nonetheless, Dr. James diagnosed a lumbar strain and treated the pain with medication. Plaintiff's pain increased, and on September 25, 1995 she reported to the emergency room of Catawba Memorial Hospital.
7. Dr. James referred plaintiff to Dr. Robert L. Liljeberg, Jr, where she presented on September 26, 1995. Again, plaintiff did not attribute the back pain to the fall, and omitted any history of trauma. Dr. Liljeberg diagnosed a herniated disk, and treated plaintiff with medication.
8. At plaintiff's insistence, Dr. Liljeberg released her to return to work on October 10, 1995, but with restrictions in lifting. Plaintiff was not permitted to return to work as the restrictions prevented her from performing her job.
9. She was eventually terminated from her employment with defendant/employer for being unable to perform her duties.
10. Plaintiff obtained an MRI on November 30, 1995 which revealed a disk herniation at L4-5.
11. Plaintiff presented to Dr. Bob W. Brawley on March 19, 1996. The history plaintiff gave Dr. Brawley contained the statement that in September 1995 plaintiff had slipped on a wet floor at work. Dr. Brawley performed surgery on the herniated disk on March 22, 1996.
12. Dr. Brawley released plaintiff to return to work on May 9, 1996. On June 5, 1996 he rated plaintiff as having ten percent permanent partial disability to her back.
13. On April 22, 1996, plaintiff filed a Form 18 alleging injury by accident which occurred on September 8, 1995. The delay in filing the claim is excusable given plaintiff's lack of knowledge concerning her eligibility for compensation under the Act, and defendants have not been prejudiced by the delay. Plaintiff's error in fixing the date of the accident is reasonable given the time delay in filing the claim, and defendants have not been prejudiced thereby.
14. Subsequent to her surgery, plaintiff has no medical restrictions regarding work and has chosen to work part time while returning to school.
15. At the time of her injury, plaintiff's average weekly wage was $200.08, yielding a compensation rate of $133.39 per week.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident while at work on August 22, 1995. Fish v. Steelcase, Inc., 116 N.C. App. 703,449 S.E.2d 233 (1994), cert. denied, 339 N.C. 737, 454 S.E.2d 650
(1995).
2. Plaintiff is eligible for temporary total disability payments in the amount of $133.39, from September 24, 1995 through May 9, 1995 when she was released from the care of Dr. Brawley. North Carolina General Statute Section 97-2(6).
3. Plaintiff has reached maximum medical improvement and has received a ten percent permanent partial disability rating to her back, and is therefore eligible for compensation at the rate of $133.39 per week for thirty weeks. North Carolina General Statute Section 97-31(23).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay plaintiff a lump sum payment in compensation for temporary total disability at a rate of $133.39, from September 24, 1995 through May 9, 1996, subject to a reasonable attorney's fee in paragraph four of this Award.
2. Defendants shall pay plaintiff compensation for a ten percent permanent partial disability to her back in the amount of $133.39 per week for a period of thirty weeks, subject to a reasonable attorney's fee in paragraph four of this Award.
3. Defendants shall pay for all plaintiff's medical expenses, past and future, arising out of the compensable injury sustained on August 22, 1995.
4. Plaintiff's counsel is entitled to a reasonable attorney's fee in the amount of twenty-five percent of the compensation paid to plaintiff. Defendant shall pay twenty-five percent of the lump sum for temporary total disability as discussed in paragraph one of this Award directly to plaintiff's counsel. Every fourth payment of plaintiff's permanent partial disability compensation, as discussed in paragraph two of this Award, shall be paid directly to plaintiff's counsel.
5. Defendants shall pay the costs of this action.
This the _____ day of April 1998.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
S/ ___________________ RENÉE RIGGSBEE COMMISSIONER
LKM/bjp