Because I believe that the majority has failed to properly apply the law of injury by specific traumatic incident to the facts of the present case, I respectfully dissent.
 I.
As an initial matter, the majority has apparently concluded that the period from January 2, 2001, through February 6, 2001, is too long a period to be deemed a "judicially cognizable" period within which plaintiff may have suffered a specific traumatic incident leading to a compensable injury. However, inFish v. Steelcase, Inc., 116 N.C. App. 703, 449 S.E.2d 233
(1994), cert. denied, 339 N.C. 737, 454 S.E.2d 650 (1995), the Court of Appeals explained that:
 This finding is simply a misunderstanding of the burden the plaintiff must meet to prove a back injury. Judicially cognizable does not mean "ascertainable on an exact date." Instead, the term should be read to describe a showing by plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred. The evidence must show that there was some event that caused the injury, not a gradual deterioration. If the window during which the injury occurred can be narrowed to a judicially cognizable period, then the statute is satisfied.
Fish at 709, 449 S.E.2d at 238.
Plaintiff's evidence in the present action suggests that sometime in late January 2001, plaintiff suffered a "specific traumatic incident" leading to her current disability. Although plaintiff was unable to state a specific date, she was able to provide the following information: (1) The injury occurred sometime after January 2, 2001, since plaintiff was feeling fine during the Christmas 2001 holiday. (2) On February 6, 2001, plaintiff told her family physician that she had been suffering from significant neck and shoulder pain during the previous six days. (3) Plaintiff testified that, sometime in late January 2001, she first felt significant pain in her neck, shoulder, arm, and hand, and that her hand began to swell as well. (4) Plaintiff testified that she reported the pain and swelling to her workplace supervisor, and that the supervisor sent plaintiff to the plant nurse. The nurse provided plaintiff with ibuprofen and a hand brace for the swollen hand, and plaintiff returned to work. Because the pain continued, plaintiff then made an appointment to see her family physician. Although plaintiff testified that she first informed her supervisor of her symptoms sometime in mid- to late-February 2001, plaintiff actually saw her family physician on February 6, 2001, and the N.C.I.C. Form 19 completed by defendant-employer's occupational health nurse on February 8, 2001, states that plaintiff first informed her supervisor of her injury on or about February 2, 2001. Taken together, the evidence before the commission strongly suggests that, while plaintiff could not state with specificity the date of the specific traumatic incident that lead to the injury at issue herein, the specific traumatic incident actually occurred sometime in late January, 2001.
In Fish, the Court of Appeals concluded that:
 The Deputy Commissioner found that the plaintiff identified" mid-April" as the time of injury. Other findings place the incident at some time between 8 April and 1 May. Even though there are a variety of possible dates for the specific traumatic incident, the plaintiff's evidence, if believed, satisfies the judicially cognizable time requirement.
Fish at 709, 449 S.E.2d at 237-38. Similarly, in the present case, plaintiff identified "late January" as the time of her injury, and other findings placed the incident at some time between January 2 and February 6. If a period of slightly under a month was deemed judicially cognizable by the Court of Appeals inFish, I see no basis for the majority's conclusion in the present action that a period of slightly over a month is not similarly judicially cognizable.
 II.
The majority has further suggested that, because plaintiff "was unable to identify any event or multiple events that caused [her] injury," the evidence shows a gradual deterioration of plaintiff's condition instead of the possibility that a specific traumatic incident had occurred. However, I do not believe that, in order to prove the occurrence of a specific traumatic incident, a plaintiff must identify the specific events that caused his or her injury. Indeed, the Court of Appeals inRichards v. Town of Valdese, 92 N.C. App. 222, 374 S.E.2d 116
(1988), disc. review denied, 324 N.C. 337, 378 S.E.2d 799
(1989), rejected the notion that a plaintiff must present evidence of a specific event (or specific series of events) in order to prove that a specific traumatic incident had occurred. Instead, the court in Richards held that the plaintiff's activities over the judicially cognizable ten- to fifteen-hour period, which included repeatedly jumping on and off fire trucks, constituted a sufficient showing of a "series of contemporaneous events which could have caused his injury." Richards at 226,374 S.E.2d 119. In the present action, I believe that plaintiff's physical activities while working as a glaze inspector, which took place during the judicially cognizable period of January 2, 2001, through February 6, 2001, and specifically during late January 2001, likewise constitute a "series of contemporaneous events which could have caused [her] injury."
 III.
Finally, the majority suggests that the greater weight of the evidence of record shows that plaintiff had developed her back condition gradually since 1998, and therefore that plaintiff suffered a gradual deterioration of her condition instead of a specific traumatic incident between January 2, 2001, and February 6, 2001. However, the record unambiguously shows that, although plaintiff experienced occasional symptoms of back and shoulder pain prior to January 2001 due to pre-existing cervical spondylosis, her symptoms of pain and discomfort increased suddenly and dramatically beginning sometime during late January 2001, apparently and primarily the result of a herniated cervical disc. Expert testimony in the record indicates that either plaintiff herniated the cervical disc while working during January 2001, or that plaintiff's work during January 2001 exacerbated a prior herniated disc that had not caused plaintiff any problems until late January 2001. Either way, as a result of her work for defendant-employer, plaintiff's condition clearly worsened dramatically sometime between January 2, 2001, and February 6, 2001 (specifically, in late January 2001), to the point that plaintiff suddenly became incapable of any work that was not sedentary or light duty. I believe that the record therefore demonstrates that plaintiff suffered a compensable injury due to a specific traumatic incident occurring sometime in late January 2001, between January 2, 2001, and February 6, 2001.
In fact, in its own findings of fact, the majority found as follows: Plaintiff had suffered from neck and shoulder problems as early as 1998. Plaintiff was diagnosed by her family physician with cervical spondylosis in March 2000 and was prescribed Celebrex for her pain, a prescription which was refilled in July 2000. Throughout that time, plaintiff continued to work for defendant-employer without any problem. While plaintiff was out of work during the Christmas 2000 holiday, plaintiff's neck and shoulder problems improved, but they returned in January 2001 when she began work at a new plant. By late January 2001, plaintiff had developed additional arm and hand pain, and on February 6, 2001, plaintiff told her family physician that her neck and shoulder symptoms had worsened significantly over the previous six days. Plaintiff pursued treatment for her pain during the following months, and by April 3, 2001, plaintiff had stopped working entirely and had been diagnosed with herniated cervical disc in addition to the pre-existing cervical spondylosis. A functional capacity evaluation performed on June 1, 2001, showed that plaintiff was capable of performing only light or sedentary work. I believe that the rapid incapacitation suffered by plaintiff, as demonstrated by the majority's own findings of fact, is inconsistent with and does not support the majority's conclusion of law that plaintiff suffered only a "gradual deterioration" of her condition.
 IV.
I believe that the majority erred in concluding, based on the record before the Commission and on the majority's own findings of fact, that plaintiff did not suffer a compensable work-related injury to her back due to the occurrence of a specific traumatic incident arising out of and in the course of plaintiff's employment. Accordingly, and for the reasons given herein, I respectfully dissent.
This 16th day of March, 2006.
 S/__________________ THOMAS J. BOLCH COMMISSIONER