* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms, with minor modifications, the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On all relevant dates, the parties were subject to the North Carolina Workers' Compensation Act.
2. On all relevant dates, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
3. The carrier liable on the risk is American Home Assurance.
4. On all relevant dates, plaintiff's average weekly wage was $891.71.
5. At and subsequent to the hearing, the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record, and marked as Stipulated Exhibit (2);
 b. A Packet of Industrial Commission Forms and Discovery Responses, which was admitted into the record, and marked as Stipulated Exhibit (3); and
 c. A Packet of Records from Brunswick Community Hospital, which was admitted into the record, and marked as Stipulated Exhibit (4).
6. The issues to be determined are as follows:
 a. Whether plaintiff sustained an injury by accident arising out of and in the course of his employment on or about July 10, 2002, and if so, to what, if any, indemnity and medical compensation is he entitled;
 b. Whether plaintiff is entitled to have medical bills paid by defendants;
 c. Whether plaintiff's claim is barred pursuant to N.C. Gen. Stat. § 97-22; and
 d. Whether plaintiff is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon all the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-three year old high school graduate, with an Associate's Degree from Brunswick County Community College. Prior to his employment with defendant-employer, plaintiff worked in construction, at a trailer manufacturing plant and in various jobs for the City of Wilmington.
2. Plaintiff first began working for defendant-employer in 1998 as an unloader. After taking a one-year absence, plaintiff was rehired in August 1999 as an unloader and store set-up man. In 2001, plaintiff was promoted to manager of the chemical and paper goods department and then later transferred to the furniture department as its manager.
3. Plaintiff contends that on July 10, 2002, he injured his low back when he squatted to lift a box containing an entertainment center and felt something "pop" in that region of his back. Immediately following this incident, plaintiff testified that he completed this task and informed his supervisor, Mr. Harry Anderson, that he had injured his back. At that time, no accident report was completed for the incident and plaintiff testified at the hearing before the Deputy Commissioner that Mr. Anderson informed him to seek medical care if needed. Plaintiff further testified that he completed his shift and went home. Initially, plaintiff did not believe his injury to be serious and filed his medical bills with his health insurance carrier.
4. At the hearing before the Deputy Commissioner, Mr. Anderson testified that he recalled plaintiff informing him of a back injury during the period plaintiff worked as an unloader, however, he could not recall the day when this had occurred. Additionally, Mr. Anderson testified that plaintiff had made multiple reports of experiencing low back pain to him prior to the date of alleged injury.
5. Despite his initial beliefs regarding the severity of his injury, plaintiff testified that later in the evening of July 10, 2002, he reported to the Brunswick Community Hospital Emergency Room because of increased pain. However, the medical records from that facility indicate that plaintiff first sought treatment there on July 15, 2002. At the Emergency Room, plaintiff was diagnosed as having acute low back pain and was referred to Dr. Richard Leighton, an orthopedist, who had previously treated plaintiff for a neck injury sustained in an automobile accident. There is no reference in these records to a work-related injury. To the contrary, these records represent that plaintiff reported having experienced low back pain for years.
6. The first time Dr. Leighton examined plaintiff after the alleged date of injury was on July 24, 2002, at which time he diagnosed plaintiff as having low back pain and a lumbar sprain or strain. Dr. Leighton prescribed physical therapy, but did not remove plaintiff from work or assign restrictions. Dr. Leighton's medical records from July 24, 2002, contain no reference to a work-related injury, but do reflect that plaintiff reported having experienced his symptoms for a couple of weeks.
7. Dr. Leighton's medical records from before the alleged date of injury, specifically from January 24, 2001, indicate that plaintiff reported having experienced intermittent low back pain for years. Although, at the hearing before the Deputy Commissioner, plaintiff denied ever making such a statement to Dr. Leighton the notation in Dr. Leighton's record corresponds with the testimony of Mr. Anderson and Ms. Renee Raleigh, a department manager for defendant-employer, who both testified that plaintiff had made multiple complaints of low back pain to them prior to July 24, 2002.
8. On September 4, 2002, plaintiff presented to Dr. Leighton and reported improved symptoms. Dr. Leighton's records from this date again contain no reference to a work-related injury. Although there was no relationship between plaintiff's work and his condition noted in these records, Dr. Leighton did assign restrictions of no lifting over thirty pounds.
9. On October 8, 2002, plaintiff filed written notice of his claim for workers' compensation with defendants. Plaintiff contends that the delay in filing his claim was due to the fact that he initially believed his condition was not serious but that it had unfortunately not improved.
10. Subsequent to the filing of plaintiff's Form 18 (Notice of Accident to Employer), defendants directed him to Shallotte Urgent Care for an evaluation. On October 8, 2002, plaintiff presented to a physician's assistant at Urgent Care who diagnosed plaintiff as having low back pain and a low back strain without radicular symptoms and released him to return to work with a twenty pound lifting restriction and sitting work only. Plaintiff was to return to Urgent Care on October 14, 2002, for a follow-up visit. Plaintiff returned to defendant-employer with the light duty form from Urgent Care. It was at this time that plaintiff requested a leave of absence because, as he testified at the hearing before the Deputy Commissioner, defendant-employer did not have work available for him.
11. On October 23, 2002, plaintiff again presented to Dr. Leighton. Records from this date indicate that plaintiff had experienced an aggravation of his back condition, but do not specify what caused the aggravation or when it occurred.
12. On December 5, 2002, plaintiff presented to Dr. Sunil K. Arora, an anesthetist and specialist in pain management, upon referral by Dr. Leighton. Plaintiff described a six-month history of symptoms. Although Dr. Arora took an extensive history, there is no reference to any work-related injury. Given this, and Dr. Arora's deposition testimony in which he admitted not having knowledge of the relevant facts upon which a competent causation opinion could be rendered, the Full Commission gives little weight to Dr. Arora's stated opinions regarding a causal link between plaintiff's back problems and his employment with defendant-employer.
13. Plaintiff was inconsistent in his testimony at the hearing before the Deputy Commissioner regarding the date he reported to the Brunswick Community Hospital Emergency Room and there is no reference in the Hospital's records to a work-related injury. To the contrary, the records reflect that plaintiff had experienced back pain for years.
14. In addition, there is no reference to a work-related injury in Dr. Leighton's medical records. His records also indicate that plaintiff had reported intermittent low back pain for years, which was corroborated by the testimony of plaintiff's supervisors. Even Dr. Arora's extensive medical history of plaintiff did not contain a reference to a work-related injury.
15. The Full Commission finds that the totality of the credible evidence of record fails to establish that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident or otherwise on or about July 10, 2002.
16. Based upon the evidence of record, the Full Commission finds that defendants' defense of this claim and actions during this case were not unreasonable.
17. Based upon the evidence of record, the Full Commission further finds that plaintiff's prosecution of this claim and actions during this case were not unreasonable.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission finds the following:
 CONCLUSIONS OF LAW
1. In order to establish a compensable injury to the back, the employee must prove that the disabling back injury arose out of and in the course of the employment and was the direct result of either an injury by accident or a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6); Richards v. Townof Valdese, 92 N.C. App. 222, 224; 374 S.E.2d 116, 118 (1988),disc. review denied, 324 N.C. 337; 378 S.E.2d 799 (1989).
2. Under the specific traumatic incident theory, plaintiff must prove that the injury occurred at a judicially cognizable time, although not necessarily at a specific hour or day. Fish v.Steelcase, Inc., 116 N.C. App. 703, 707; 449 S.E.2d 233, 237
(1994), cert. denied, 339 N.C. 73; 454 S.E.2d 650 (1995);Richards v. Town of Valdese, supra.
3. The Industrial Commission is the sole judge of the credibility of witnesses and the weight given to their testimony and may accept or reject any or all of the testimony of a witness. Mayo v. City of Washington, 51 N.C. App. 402;276 S.E. 2d 747 (1981).
4. Plaintiff has failed to prove by the greater weight of the evidence that he sustained a compensable injury by accident or specific traumatic incident as a result of the work assigned on or about July 10, 2002, or at any other time. N.C. Gen. Stat. §97-2(6); Causby v. Bernhardt Furniture Co., 83 N.C. App. 650;351 S.E.2d 106 (1986).
5. Plaintiff has the burden of proving both the existence of his disability and its degree. Hilliard v. Apex Cabinet Co.,305 N.C. 593; 290 S.E.2d 682 (1982). Since plaintiff has failed to carry his burden of proof in this case, he is not entitled to benefits under the Workers' Compensation Act. Click v. PilotFreight Carriers, Inc., 300 N.C. 164; 265 S.E.2d 389 (1980); N.C. Gen. Stat. § 97-2 (et seq.).
6. Because defendants' defense of this claim and actions during this case were not unreasonable, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
7. Because plaintiff's prosecution of this claim and actions during this case were not unreasonable, defendants are not entitled to attorney's fees pursuant to N.C. Gen. Stat. §97-88.1.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and is hereby denied.
2. Each side shall pay its own costs.
This the __ day of _____ 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER