***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Rowell with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no questions as to misjoinder or nonjoinder of parties.
3. On or about January 1, 2005 to January 15, 2005, was the date of claimant's injury, this cause was subject to the North Carolina Workers' Compensation Act.
4. On said date, an employment relationship existed between Employee and Employer, Advance Auto Parts.
5. At all times in question, Employer was self-insured and Sedgwick Claims Management Services, Inc. was the third-party administrator.
6. The subject of plaintiff's claim is a back injury and injury to plaintiff's knees.
7. Plaintiff's average weekly wage as of January 2005 was $380.05.
8. Plaintiff is seeking compensation for temporary total disability, medical expenses and possibly permanent impairment.
9. Plaintiff currently does not work for defendant as she was fired on November 9, 2006.
10. The parties stipulated the following exhibits into evidence:
 a. Stipulated Exhibit #1 — the Pre-Trial Agreement as modified and initialed by the parties;
 b. Stipulated Exhibit #2 — medical records;
 c. Stipulated Exhibit #3 — plaintiff's recorded statement; *Page 3 
 d. Stipulated Exhibit #4 — plaintiff's responses to defendant's First Set of Interrogatories and Request for Production of Documents; and
 e. Stipulated Exhibit #5 — Industrial Commission Forms.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the evidentiary hearing, plaintiff was a 40-year-old female. She resided at 401 Misty Lane, in Gastonia, North Carolina.
2. Plaintiff completed high school and attended one year of college. She worked at defendant-employer for approximately two years as a cycle counter and replenisher. Prior to her working with defendant-employer, plaintiff was employed as an assembly line/material handler with AMP, Inc.
3. Although plaintiff could not remember the exact date on which she sustained her alleged specific traumatic incident, she claims it was the second week of January 2005.
4. According to plaintiff, she was working in Location 8 and 9 and reached up to get a heavy box of parts. Plaintiff claims the box was heavy and as a result, she felt a pop in her back and dropped the box. There were no witnesses to her accident. A review of the record evidence does not reveal that a work incident report was ever filed.
5. Plaintiff described her initial pain as a sharp pain down the left side of her lower back. However, she did not seek immediate medical attention.
6. She first sought treatment for her back complaints from Dr. George Bradley three months after her alleged injury. The first medical record from Dr. Bradley's office is dated April *Page 4 
15, 2005 and notes plaintiff reported low back pain radiating down both legs to feet for approximately three weeks.
7. On April 22, 2005, plaintiff returned to Dr. Bradley for follow-up of back pain. Plaintiff advised that her back pain had improved, however, she continued to complain of right leg pain. Plaintiff was diagnosed with degenerative disc disease and lumbar radiculopathy.
8. On June 7, 2006, plaintiff next presented to Michael Robinson, PA-C, with Dallas Family Medicine. This visit was approximately 17 months after plaintiff's alleged work accident. During that visit, plaintiff reported bilateral back pain with left-sided radiations through her left butt and upper leg. However, the office note from this visit reported that plaintiff's pain had been ongoing for approximately three years on a daily frequency described as an ache or soreness with a sharpened sensation of pain over the past two weeks.
9. In addition, medical notes from the June 7, 2006 visit indicate that plaintiff reported no history of acute injury and that plaintiff could not otherwise describe the context of occurrence. X-rays of plaintiff's back were negative.
10. Plaintiff was referred from Dallas Family Medicine to Dr. E. Hunter Dyer with Carolina Neurosurgery Spine. Dr. Dyer first saw plaintiff in September 14, 2006. According to Dr. Dyer's records, plaintiff reported that her symptoms had been ongoing for the last year, but worsened over the last month.
11. On September 17, 2006, Dr. Dyer prescribed plaintiff a Medrol Dosepak and wrote plaintiff out of work for one week while she was on steroids.
12. Dr. Dyer referred plaintiff to Dr. Herman Gore with Carolina Spine, Pain Rehabilitation. Dr. Gore saw plaintiff on November 2, 2006 and according to his medical records on this date, plaintiff reported her pain beginning in January 2005 when she lifted a box *Page 5 
over her head and felt a sharp pain in her lower back. This office visit was approximately 23 months after plaintiff's alleged work incident.
13. Plaintiff suffered a fall at home in December 2006. At the evidentiary hearing, she testified that she fell as she was walking up to the front porch of her house, not a fall off of her roof, as documented in the December 2006 medical record from Dallas Family Practice.
14. In February of 2007, plaintiff was involved in a motor vehicle accident on Interstate 40 near Durham, North Carolina. Plaintiff indicated to Dr. Gore that she was hit by a drunk driver, driving an F150 truck at 100 miles per hour, causing her car to hit a bridge column three times and causing her to loss consciousness. Plaintiff also reported being in an accident and hit at 100 miles per hour to Dr. Dyer on March 1, 2007.
15. As a result of the motor vehicle accident, plaintiff was taken to the emergency room at Duke University Hospital for medical treatment.
16. Plaintiff testified at the evidentiary hearing that this motor vehicle accident caused no new injuries or symptoms. However, on March 1, 2007, plaintiff presented to Dr. Dyer with complaints of neck, upper extremity, knee, and ankle pain after she was involved in a motor vehicle accident.
17. On March 13, 2007, plaintiff presented to Mr. Robinson with increased back pain as a result of the February 2007 motor vehicle accident. Mr. Robinson's notes indicate that plaintiff presented with new pain involving the upper back.
18. On April 20, 2007, plaintiff presented to Dr. Gore and with complaints of neck pain that radiating to the left shoulder and low back pain that radiates to the right hip and left lower extremity. In November of 2007, nine months after the motor vehicle accident, Plaintiff continued to relate some of her reported problems to being hit by a drunk driver. *Page 6 
19. Plaintiff has presented significantly contrasting opinions and accounts of the motor vehicle accident occurring in February of 2007 and her resulting injuries to the Industrial Commission and her treating physicians.
20. It is determined from a review of the record in its entirety that plaintiff's claim of a specific traumatic incident is not credible. She can not recall the date on which her alleged injury occurred and perhaps more importantly, the medical evidence reflects a variety of different timeframes for the onset of her back pain. Moreover, there were no witnesses to this alleged accident, no work-incident report filed and the I.C. Form 19 dated October 6, 2006, states that plaintiff did not report her alleged January 1, 2005 work injury until October 5, 2006.
21. In light of the multiple inconsistencies between plaintiff's testimony and the medical records as to both when and how plaintiff's alleged injury occurred and pain began, plaintiff's claim that she sustained a specific traumatic incident in January 2005 is not consistent with the greater weight of the evidence. Therefore, this evidence, as viewed in its entirety, does not support plaintiff's claim of a work injury. Accordingly, plaintiff's testimony is given little to no weight and found to be not credible.
22. Plaintiff continued to work in her regular position with defendant-employer from the date of her alleged injury, sometime in January 2005, until August, 2006, when she was approved for FMLA leave. Plaintiff provided no testimony as to the basis of her FMLA leave.
23. According to plaintiff, she took her FMLA leave and did not return to work when it was exhausted. Therefore, she was administratively terminated from her position at defendant-employer on November 9, 2006. *Page 7 
24. Plaintiff has remained out of work since November 9, 2006. Plaintiff has made one attempt to secure employment since that date, by submitting an application for employment to the Dole plant.
25. There is no medical evidence that plaintiff was or is, incapable of working in any capacity for any amount of time entitling her to indemnity benefits under the Act.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-2(6)(2001) defines a back injury as one arising "out of and in the course of the employment, and is the direct result of a specific traumatic incident of the work assigned." Therefore, back injuries are compensable under the North Carolina Workers' Compensation Act if: "(1) if the claimant was injured by accident; or (2) if the injury arose from a specific traumatic incident." Glynn v. PepcomIndustries, 122 N.C. App. 348, 354, 469 S.E.2d 588, 591 (1996).
2. The specific traumatic incident provision of N.C. Gen. Stat. § 97-2(6) requires plaintiff to prove an injury at a judicially cognizable point in time. Fish v. Steelcase, Inc., 116 N.C. App. 703, 708,449 S.E.2d 233, 237 (1994), cert. denied, 339 N.C. 737, 454 S.E.2d 650
(1995). In determining whether an injury occurred at a cognizable time, it is not necessary to "allege the specific hour or day of the injury."Id. Moreover, "judicially cognizable does not mean `ascertainable on an exact date.'" Id. at 709, 449 S.E.2d at 238. The North Carolina Court of Appeals has held that window during which the injury occurred can be narrowed to a judicially cognizable period, and then the statute is satisfied. Id. *Page 8 
3. A claimant has the burden of proving both the existence of her disability and its degree. Hillard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982). To that end, the Industrial Commission is the sole judge of the credibility and weight to be given to testimony and has the duty and authority to resolve conflicts in the testimony of a witness or witnesses. Blalock v. Roberts Co., 12 N.C. App. 499,183 S.E.2d 827 (1971).
4. Plaintiff has failed to prove by the greater weight of the evidence that she sustained a specific traumatic incident arising out of and in the course and scope of her employment.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act is DENIED.
2. Each side shall bear its own costs.
3. If defendants have not already done so, defendants shall submit any outstanding expert witness bill for the deposition of Dr. Herman Gore, M.D. to the undersigned for a determination of a reasonable expert witness fee.
This the 16th day of December, 2008.
 S/___________________
 DIANNE C. SELLERS
 COMMISSIONER *Page 9 
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 1